The People of the State of New York, Respondent, *v.* Calvar Corporation and Andrew La Grega, Individually and as President of Calvar Corporation, Appellants.

Submitted May 20, 1941; decided July 29, 1941.

*Joseph H. Gellman* for appellants. The building zone ordinance as applied in this case is unconstitutional. (*Bartsch* v. *Ragonetti*, 123 Misc. Rep. 903; 214 App. Div. 799; *People* v. *Linabury*, 209 N. Y. Supp. 126; *Town of Harrison* v. *Sunny Ridge Builders, Inc.*, 169 Misc. Rep.

471; 170 Misc. Rep. 161; *Pennsylvania Coal Co.* v. *Mahon,* 260 U. S. 393; *People* v. *Hawley,* 207 Cal. 395; *Stone* v. *Kendall,* 268 S. W. Rep. 759.)

*Edward J. Neary, District Attorney* (*Philip Huntington* of counsel), for respondent. The building zone ordinance, as applied in this case, is constitutional. (*People ex rel. Ventres* v. *Walsh,* 121 Misc. Rep. 494.)

LEHMAN, Ch. J. The defendants have been convicted of violations of the Building Zone Ordinance of the Town of Hempstead. The defendant corporation is the owner of land in that town, and is engaged there in the business of excavating sand for sale. It has erected upon the land, for use in the conduct of its business, small one-story buildings or sheds without foundation and easily removable. The premises are situated in a district which, under the Zoning Ordinance, has been designated as a " B Residence District." The use of premises within that district for business purposes is restricted or prohibited. The defendants have been found guilty of conducting there a business in violation of the Zoning Ordinance.

The defendants' violation of the ordinance as written is clear. They contend, however, that the ordinance if construed in manner which would prohibit the owner of land from removing sand, gravel, or other deposit would constitute a taking of the owner's property which is prohibited by the Constitution unless fair compensation is paid. Restrictions upon the use of property within reasonable limits for the common good are valid. The defendants maintain that such restrictions are unreasonable where they impair " the rights of ownership of the earth in its physical, tangible sense." Whether or not a restriction is reasonable may depend on many factors. No single factor is ordinarily decisive. " The general rule at least is, that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking. * * * A strong public desire to improve the public condition is not enough to warrant achieving the desire

by a shorter cut than the constitutional way of paying for the change. As we already have said, this is a question of degree — and therefore cannot be disposed of by general propositions." (*Pennsylvania Coal Co.* v. *Mahon,* 260 U. S. 393, 415, 416.)

The defendants' property is situated in an undeveloped section of the town. Excavation of sand from the property and the erection of temporary buildings, for use in connection with such excavation, would, so far as appears, not cause any serious present substantial injury to the neighborhood. Forceful argument may be made that a general and complete prohibition of such use of property, even where such use might be permitted without causing substantial injury to the community, would be unreasonable. That question must await determination until it arises. We express no opinion upon it. In this case there has been no such complete and absolute prohibition.

The Zoning Ordinance provides for a Board of Appeals, which may " determine and vary the application of the regulations herein established in harmony with their general purpose and intent as follows: * * * (2) In undeveloped sections of the town, authorize the issuance of temporary and conditional permits for a period not to exceed five (5) years for structures and uses in contravention of the requirements of this ordinance." Upon application by the defendants the Board of Appeals might authorize the issuance of a temporary permit to do those acts which, without such permit, constitute a violation of the ordinance. Refusal to grant such a permit in proper case, if not reviewable by the courts, might result in unlawful deprivation of the defendants' property. There has been no such deprivation until there has been application for a permit and unreasonable refusal, and a statute does not violate the Constitution where it does not deprive an owner unreasonably of his property if the statute is properly administered in accordance with its terms. (*Dowsey* v. *Village of Kensington,* 257 N. Y. 221.)

Perhaps there has already been application and denial in this case, but that does not appear from the record and the appellants are not asking here a review of any determination by the Board of Appeals denying such an application. Only in proceedings brought to review such a determination, if made, could the court review the action of the Board, or determine whether the ordinance has been administered in manner so unreasonable that enforcement would constitute an unlawful taking of the defendants' property.

The judgment should be affirmed.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.