BURROUGHS LANDSCAPE CONSTRUCTION Co., INC., Plaintiff, *v.* TOWN OF OYSTER BAY et al., Defendants.

Supreme Court, Special Term, Nassau County, February 6, 1946.

*Solomon Rothfeld* for plaintiff.

*Theodore V. Summers* for defendants.

C. A. JOHNSON, J. In this action, the plaintiff corporation seeks a permanent injunction to restrain the defendant Town and its officers from interfering with the plaintiff's operations in the removal of topsoil, such interference being allegedly in enforcement of an ordinance of the Town of Oyster Bay adopted December 19, 1944, regulating the removal of topsoil.

The complaint sets forth two causes of action affecting two different parcels of land.

The plaintiff corporation is engaged in the topsoil business and it has carried on operations in the Town of Oyster Bay since the adoption of the ordinance. As to the premises involved in the first cause of action, a permit for topsoil removal for a six-acre parcel was procured and the topsoil was pushed in windrows or piles but was not removed from the premises described in the permit prior to the expiration date of such permit. An extension of the permit was refused because of the provisions of section 6a of the ordinance prohibiting the issuance of a permit between September 1st and March 1st of any year.

The second cause of action arises from the plaintiff's improvement of a parcel of land by the construction of a garage, office and storage place for equipment and its stock in trade. A variance for this purpose and for " permission to have stock piles of top-soil " was granted by the Board of Zoning Appeals of the Town; but the defendants have prevented the removal of topsoil even from stock piles on the theory that such removal would violate the ordinance.

The power of the town to adopt the ordinance is found in section 130 of the Town Law which reads, insofar as material to the issue, as follows: " The town board after a public hearing may enact, amend and repeal ordinances, rules and regulations not inconsistent with law, for the following purposes in addition to such other purposes as may be contemplated by the provisions of this chapter or other laws. * * * 23. Sand pits, quarries, top soil and other excavations in certain towns. In any town in the counties of Erie and Monroe, or in a county adjoining a city having a population of one million or more, according to the census of nineteen hundred forty, and in any town adjacent to such a county, regulating the manner of construction on, removal of materials from, filling up, draining, cleaning, operating and using any lands or other premises for sand or gravel pits, stone quarries, stripping of top soil, or for other excavation purposes and prohibiting the use of any lands or other premises for the aforesaid purposes which do not comply with such regulations."

Pursuant to the power conveyed by this statute, the defendant town has adopted an ordinance regulating excavations and removal of materials therefrom, requiring a permit therefor from the town and providing, among other things (§ 3): " * * * that in the case of the removal of topsoil there shall be left at least four (4) inches of topsoil upon the surface from

which topsoil is removed and the area from which the topsoil is taken shall during the period April 1–May 15 or August 15–October 1, be prepared into a loose level seedbed, lined, fertilized and seeded in the following steps." The manner of treatment of the area after the removal of topsoil is then provided.

Section 6 provides that such permit shall expire by limitation thirty days from the date of issuance unless extended by the town board. In addition to the foregoing provisions, the ordinance provides (§ 6a): " No permit or permits shall be granted at the same time for the removal of more than six (6) acres of topsoil from any tract of land in the same ownership, nor shall any permit or permits be issued between the 1st day of September and the 1st day of March in any year."

The plaintiff seeks by this action to restrain the enforcement of the ordinance. (1) as being retroactive in character in violation of vested property rights; (2) as being prohibitory rather than regulatory as authorized by the Town Law, and (3) as being an arbitrary and unreasonable exercise of the police power. In support of its contention that the ordinance is retroactive in character and thereby violates vested property interests, the plaintiff refers to cases wherein work was commenced or contracts made under an ordinance later attempted to be amended or altered or under a permit later sought to be revoked. These cases have no application to the circumstances disclosed herein. Even had the plaintiff been engaged in the stripping of topsoil upon the very property involved in this litigation when the ordinance was enacted, its vested right to complete its work would be limited to the area in use at the time of the enactment of the ordinance. I cannot accede to the argument that a person owning, for example, 100 acres of land, who has stripped the topsoil from 5 acres at the time of the enactment of an ordinance regulating such an operation, may nevertheless continue to strip topsoil from the remaining 95 acres without regard to the provisions of the ordinance. To follow such an argument to its logical extreme would result in making any such regulation almost, if not entirely, impossible. Even the existence of a nonconforming use in a location made the subject of a zoning ordinance does not constitute such a vested right or interest that the municipality is powerless to regulate such nonconforming use, and regardless of the existence of a zoning ordinance any business remains subject to reasonable regulation, by the town, of operations and use such as those here involved under the authority conveyed to the town board by the Town Law.

The question, therefore, reduces itself to that of reasonable regulation and whether the ordinance here involved constitutes such a reasonable regulation. The necessity of the conservation of the topsoil of Long Island needs little argument with those who have observed the removal of topsoil from large tracts of land and the subsequent abandonment of the land to become a barren waste eroded by wind and water, fit for nothing but to grow coarse vegetation and constituting a nuisance to the surrounding property as a source of windblown sand and dust. Legislation such as has been adopted by the Town of Oyster Bay is both reasonable and necessary if the land is to be preserved and the welfare of the people and the community safeguarded. The prohibition of removal during a part of the year and the conditions imposed by the ordinance as to planting and reseeding constitute a practical and effective means of curbing the evils sought to be prevented. The ordinance was adopted for the benefit of the public health, public safety and the general welfare, is not arbitrary or discriminatory, and has a proper relation to the ends sought to be accomplished, namely, the comfort, safety and welfare of society. In determining whether an ordinance is a reasonable regulation under the police power, the court is not confined to the question solely of public health and public safety. The power is much broader and extends generally to the promotion of the public good and to so dealing with existing conditions as to bring out of them the greatest welfare of the people by promoting general prosperity. Obviously, in so doing, general public welfare is superior in importance to the pecuniary profits of the individual; and the preservation of property values, and even aesthetic consideration, may be weighed in arriving at the determination of the reasonableness of the regulation (*Matter of Wulfsohn* v. *Burden,* 241 N. Y. 288; *Welch* v. *Swasey,* 193 Mass. 364, affd. 214 U. S. 91; *Euclid* v. *Ambler Co.,* 272 U. S. 365; *Bacon* v. *Walker,* 204 U. S. 311).

In considering the ordinance here involved, all the matters above referred to are of weight in determining its validity. In my opinion, it cannot be said that the conditions of the ordinance bear no reasonable relation to the ends and purposes sought by the enactment of the ordinance. This view necessitates judgment in favor of the defendants upon the first cause of action.

As to the second cause of action, I have reached a different conclusion. As already mentioned, the defendants have prevented removal of topsoil from the parcel of land improved by the plaintiff by the construction of a garage, office and storage place for equipment and permitted by the town to be used for

stock piles of topsoil which is, as heretofore stated, its stock in trade. The reasons for enacting the ordinance with respect to the time of removal of topsoil and the time of seeding the area from which topsoil has been removed, all of which are necessary for the general welfare of the community, have little validity with respect to a parcel of land to be occupied by buildings and used for the storage of topsoil. Property devoted to building and industrial purposes is not in the same category as large tracts of unoccupied land.

As to the first cause of action, judgment for the defendants on the merits; as to the second cause of action, judgment for the plaintiff on the merits. No costs. Proceed on notice accordingly.