INCORPORATED VILLAGE OF UPPER BROOKVILLE, Appellant, v. FRANK FARACO et al., Respondents, et al., Defendants.— In an action to restrain alleged violation of plaintiff's Building Zone Ordinance, defenses attacking the constitutionality of the ordinance were interposed, which the court and the plaintiff have considered as counterclaims. The court dismissed the complaint on the merits and directed judgment in favor of defendants on the counterclaims declaring unconstitutional, in part, a provision of the ordinance. Plaintiff appeals from the judgment entered on the court's decision. Judgment reversed on the law and the facts, with costs, and action remitted to Special Term for further proceedings not inconsistent with the views herein set forth. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. In the year 1933, a zoning ordinance for plaintiff village was

enacted in which but one district was established, coterminous with the boundaries of the village, and styled as a "residence district", from which business and industrial uses generally were excluded. Thereafter, in 1950, respondent Faraco acquired title to a vacant tract of land, a hill consisting of about 100 acres, located within the village, but abutting the boundary line between the village and a portion of the unincorporated area of the town of Oyster Bay, within which the village lies. Another zoning ordinance was enacted for the village in 1951. In form it is a whole and complete ordinance, as distinguished from an amendment of an existing ordinance, but it is prefaced to the effect that it is in amendment of the 1933 ordinance, with the further verbiage that the latter ordinance "is hereby amended so as to read in full as follows". The 1951 enactment generally continues the same residence district and its business and industrial use exclusion, except that it also provides for the existence of a small business district, which, by reason of its location and otherwise, has no bearing on the issues in this case. It was conceded that Faraco leased the land to defendant Approved Sand and Gravel Corporation for a term ending March 1, 1954, for removal of sand and gravel therefrom, and that under the lease the said lessee and the respondent Preferred Transmix Concrete, Inc., have removed approximately 303,390 cubic yards of material from the said land since January 1, 1952, "for commercial use", and that respondent Checola also took material from the land. Checola himself testified that he bought such material from the said lessee, taken from this land, an average of 6,000 yards a month. There was further evidence that, according to a certain excavation plan drafted for Faraco, a total of 1,057,646 cubic yards of material were proposed to be taken out of his land. Plaintiff, alleging that this operation was not a permissible use under, and therefore a violation of, the zoning ordinance, brought this action for a permanent injunction. The trial court found that defendants' "primary purpose * * * is a commercial one." We are in approval, but further find that the use is not within the uses permitted by the zoning ordinance. This requires the conclusion that the use in question violates the ordinance. It was within the power of the board of trustees of the village to legislate with respect to removal of sand and gravel from the ground, as a matter of zoning (Village Law, art. VI-A, as added by L. 1923, ch. 564, as amd.), and the power was not recalled by the addition of subdivision 67 to section 89 of the Village Law by chapter 134 of the Laws of 1945, which further empowered the board to "regulate" with respect to the removal of materials from land and to the use of land for sand or gravel pits. This latter power is merely auxiliary to the former. In view of the further provision of the zoning ordinance (§ 9.3) that the board of zoning appeals of the village "may, in a specific case after public notice and hearing and subject to appropriate safeguards to be prescribed by such Board, determine and vary the application of the provisions of this ordinance in harmony with their general purposes and intent as follows: * * * They may grant temporary and conditional permits for a period of two years or less for uses and buildings which, but for such permission, do not comply with the requirements of this ordinance," and the fact that no application thereunder for a permit to allow the use in question on this land has been denied — indeed no application for such permit has been made — "there has been no such complete and absolute prohibition" as would bring before the court the question as to whether there has been an unconstitutional deprivation of property. (*People v. Calvar Corp.*, 286 N. Y. 419, 421; cf. *Matter of Brous* v. *Smith*, 304 N. Y.

164.) Validity is not to be denied to the zoning ordinance insofar as that part of the land is concerned which lies within 300 feet of the boundary line between the village and a portion of the unincorporated area of the town on the ground that the 1951 enactment was not submitted to and approved by the County Planning Commission of Nassau County and the Town Board of the Town of Oyster Bay under section 1608 of the County Government Law of Nassau County. The cited section became effective January 1, 1938, whereas the disputed zoning provision was part of the original zoning ordinance, and therefore is not to be regarded as first enacted in 1951, after the effective date of the said County Government Law. (General Construction Law, § 95; *Matter of Prime,* 136 N. Y. 347.) Plaintiff is entitled to an injunction restraining defendants from using the land in question, or any part or parts thereof, for business purposes, including but not limited to the removal of sand and gravel therefrom as part of a commercial undertaking and to the use and keeping of equipment thereon which is connected with such removal operation. Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.