■ In the Matter of GREAT NECK COMMUNITY SCHOOL, Appellant, against JAMES K. DICK, as Building Inspector of the Incorporated Village of Thomaston, Nassau County, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act to compel the issuance of a building permit, the appeal is from an order dated March 24, 1955, which dismissed the petition, and from an order dated May 26, 1955, which on reargument adhered to the original determination and dismissed the petition. Appellant seeks to add a room to its building, which is used as a private school and is located in a residence district where such use is not now one of the uses permitted as of right. Subdivision (1) of section 3 of article X of the Zoning Ordinance of the Village of Thomaston provides that the village board of appeals may allow such use if it " determines that such use is reasonably consistent with the existing uses of other buildings, lots and premises in the neighboring territory in the Village and will not unreasonably depreciate or impair the value of such other buildings, lots and premises in the neighboring territory, and that such use will not present health, safety, traffic, nuisance or policing hazards, factors or problems which may not be adequately controlled." Subdivision (a) of section 1 of article IX of the ordinance provides, in substance, that a building devoted to a nonconforming use may be altered at a cost not to exceed 50% of its structural value, but that the nonconforming use may not be enlarged. Section 4 of article X of the ordinance gives the board of appeals power to hear and determine appeals from, and to review any order or decision made by, the superintendent of buildings. Appellant's application for a building permit was denied by respondent on the ground that the matter was required to be submitted to the board of appeals in accordance with the provisions of subdivision (1) of section 3 of article X of the ordinance. The instant proceeding was then commenced. Order dated May 26, 1955, unanimously affirmed, with $10 costs and disbursements. In our opinion, the petition was properly dismissed on the ground that appellant had failed to exhaust its administrative remedies under the zoning ordinance. On this record, it does not appear that there has been such a complete and absolute prohibition against the use of appellant's premises as to bring before the court the question as to whether there has been an unconstitutional deprivation of property. (Cf. *People* v. *Calvar Corp.*, 286 N. Y. 419; *Matter of Brous* v. *Smith*, 304 N. Y. 164; *Incorporated Vil. of Upper Brookville* v. *Faraco*, 282 App. Div. 943, affd. 307 N. Y. 642; *Matter of Fulton & Front Corp.* v. *Young*, 285 App. Div. 951; *Levitt* v. *Incorporated Vil. of Sands Point*, 2 A D 2d 688.) We therefore do not reach or decide the other questions presented, such as the right of the village to discriminate between public and private schools and its right to bar private, nonprofit schools absolutely. Appeal from order dated March 24, 1955 dismissed, without costs. (*Bennett* v. *Kelly*, 283 App. Div. 945.) Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.