Howard T. Hogan, J.
Plaintiff is the owner of a triangular parcel of land in the village of Hempstead formed by the intersection of the northeast side of Long Beach Road and the northwest side of Baldwin Road. Although the area is not stated, it appears to contain approximately 9,500 square feet with frontage of 152.91 feet on Long Beach Road and of 133.48 feet on Baldwin Road. The property is in a “Business A ” district except for a small triangle fronting on Long Beach Road, which is zoned as “ Residence B ”.
An application was made to the defendants, constituting the Board of Trustees of the Village of Hempstead, to rezone the entire parcel to “ Business B ”, on the ground that its present zoning afforded the owner no reasonable use of the property. Following a public hearing at which many of the residents of the village appeared in opposition, either in person or by petitions or representatives, the application was denied, whereupon plaintiff commenced this action for a judgment declaring the zoning ordinance unconstitutional and void insofar as it affects his individual property. The case has been submitted to this court on a set of stipulated facts.
From an examination of the official zoning map of the village it would appear that the subject property is in a buffer or transitional zone between the east side of Baldwin Road, which, for a distance of three blocks is zoned ‘ ‘ Business B ’ ’, and the west sides of Baldwin and Long Beach Roads which for a considerable distance in either direction are zoned “ Residence B ”. Among the uses to which it presently may be put are “ Retail store, office, financial institution, telephone or telegraph office or agency, restaurant or tea room, barber shop or beauty shop, grocery store, meat market or delicatessen provided the sales space does not exceed one thousand (1,000) square feet.”
The only witness to testify before the hoard on behalf of the plaintiff was a real estate operator and broker, who testified that in his opinion large shopping centers have replaced small, individual stores, making it difficult to find a use for this property except for a lunch wagon or bar and grill, both of which would require off-street parking space.
The complaint must be dismissed upon two grounds. First, plaintiff has failed to exhaust his administrative remedies in that he has not appealed to the Board of Appeals for a variance as provided by section 179-b of the Village Law, and by article XTX of the Zoning Ordinance of the village. Until he has done so he may not attack the ordinance on the ground that it is confiscatory and unconstitutional as to his individual property (People v. Calvar Corp., 286 N. Y. 419, 421; Incorporated Vil. of *809 Upper Brookville v. Faraco, 282 App. Div. 943, 944, affd. 307 N. Y. 642).
Second, it is by no means clear that he cannot find a reasonable use for the property within its present restrictions. There has been no evidence submitted that the property could not yield a reasonable return if used for a conforming purpose, or of any unsuccessful attempt to find a buyer or tenant for any one of the permitted uses. All that plaintiff offered was the conclusion of his only witness, unsupported by any facts, that the property was useless as presently zoned. The fact that if placed in “ Business B ” District, the property would be more valuable, is insufficient in itself to warrant such a change.
Under these circumstances where there appears to be a reasonable basis for the denial of the application, the court may not substitute its judgment for that of the legislative body. The law is too well settled to require a recital of authorities on the point.
The foregoing are the facts found by the court, and constitute its decision as required by section 440 of the Civil Practice Act.