William R. Brennan, Jr., J.
The plaintiff Town of Oyster Bay moves for a temporary injunction in this action brought for permanent injunction restraining removal of topsoil from land owned by the defendants Opgal, Inc., and Haas. The request for injunctive relief is predicated upon the town’s ordinance relating to excavation and removal of topsoil, sand and other earthen materials and the failure of the defendants to apply for or obtain a permit thereunder.
Application of the ordinance to the premises and to the activities of the defendants owners and defendant contractor in removing topsoil is challenged on the ground that the Nassau County Planning Commission has approved a subdivision map *717 permitting development of the area for residential purposes which map indicates requirements for the installation of roads and drainage. The grades established by the map would require excavation of such an amount of surface materials which, if removed from the premises, would bring the work within the terms of the town’s ordinance.
Although the answering affidavits assert the bald conclusions that action by the Planning Commission pre-empts the field and that the ordinance is unconstitutional, the presentation of all parties is distinguished by a complete absence of citation of any authority to support any statement made. In fact, upon the oral argument of the motion, the court was urged and importuned to reach a speedy decision of the matter, but no party submitted a memorandum of law or cited a single case. Thus, the court is left not only as the arbiter of the dispute but the architect of the legal argument — and with a definite deadline to meet. A bit more might have been expected.
The defendants urge that by approving a subdivision plan with certain grades the Planning Commission necessarily made inapplicable the provisions of the town’s ordinance. By its terms, however, the ordinance prohibits the defendants from removing topsoil from the premises. It does not prohibit excavation and stock-piling of the soil. It grants to the owners the right to make application to the Town Board for a permit to remove the soil, but no permit was ever sought. On its face, therefore, it is not in conflict with any action of the County Planning Commission. Approvals of one or more agencies may be required for a residential development and the requirement for such approval does not bar the town from imposing its own requirements. Thus the approval of such a plan would not mean that the town’s building requirements are by-passed (cf. Tuckerman v. Dassler, 121 N. Y. S. 2d 205). Nor does the establishment of street grades by the Planning Commission necessarily bar the town from imposing restrictions to protect the safety, health and general welfare and to assure that construction of dwellings will actually follow upon preparation of streets and roads. The authority over removal of topsoil on the one hand and the establishment of grades on the other are two distinct functions assigned to two distinct agencies of municipal government with differing and concurrent jurisdictions over real property.
Thus the ordinance must be attacked, if at all, not on the ground that the jurisdiction of the county has superseded that of the town, but on the ground that the ordinance is itself am invalid exercise of the police powers of the town.
*718 In this regard, we start with the presumption that the ordinance is constitutional. As stated in Wiggins v. Town of Somers (4 N Y 2d 215, 218-219): “ Legislative enactments are presumed to be constitutional, i.e., they are presumed to be supported by facts known to the Legislature (Lincoln Bldg. Associates v. Barr, 1 N Y 2d 413, 415; East New York Sav. Bank v. Hahn, 293 N. Y. 622, 627-628, affd. 326 U. S. 230; United States v. Carolene Prods. Co., 304 U. S. 144, 152; Borden’s Co. v. Baldwin, 293 U. S. 194, 210). While this presumption is rebut-table, unconstitutionality must be demonstrated beyond a reasonable doubt (Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 540-541; Matter of Fay, 291 N. Y. 198, 206, 207; Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61 79). Particularly apropos is the rule that the law may not be arbitrary and it must be reasonably related to some manifest evil (Defiance Milk Prods. Co. v. Du Mond, supra; Fisher Co. v. Woods, 187 N. Y. 90; Nebbia v. New York, 291 U. S. 502, 537), which, however, need only be reasonably apprehended (Matter of Stubbe v. Adamson, 220 N. Y. 459, 469). As we must be guided by the familiar principle that 1 it is only as a last resort ’ that courts strike down legislative enactments on the ground of unconstitutionality (Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, 555, affd. 344 U. S. 367; Defiance Milk Prods. Co. v. Du Mond, supra, p. 541).”
Ordinances, differing in scope, but covering the identical subject matter of removal of topsoil have repeatedly been upheld (Lizza & Sons v. Town of Hempstead, 19 Misc 2d 403, affd. 272 App. Div. 921; Krantz v. Town of Amherst, 192 Misc. 912; Schreiber v. Town of Cheektowaga, 195 Misc. 748). These authorities in and of themselves require that before issue joined and without trial and development of the facts, a temporary injunction prohibiting the removal of the topsoil from the premises must be granted.
It should not go unobserved that the defendant contractor who urges the burden of completing its contract in time as a basis for dissolving the stay herein has provided for itself an escape clause from its contract in the event performance is delayed or halted by the courts, with provision for compensation for the work it has already done.
Trial of this action will be preferred under rule 11 of the Nassau County Supreme Court Rules. Upon service of the answers herein, any party may file a note of issue for the June 1961 Term which the Clerk is directed to accept nunc pro tunc as of the last day for filing notes of issue for said term and the case will be set down for trial at Special Term, Part III, on June *719 12,1961, at the head of the calendar for that day, subject to the Justice presiding.
Settle order on notice accordingly. The stay contained in the order to show cause which was orally continued by the court at the time of argument pending determination of the motion will be continued until the entry of the order hereon.