◼ In the Matter of CLOVERDALE ENTERPRISES, INC., Appellant, v. GREGORY P. D'ABRAMO, as Building Inspector of the Town of Babylon, Respondent.— In a proceeding under article 78 of the Civil Practice Act to compel the respondent, Building Inspector of the Town of Babylon, to issue a building permit to petitioner, the petitioner appeals from an order of the Supreme Court, Suffolk County, dated August 31, 1961, which dismissed its petition. Order affirmed, with costs. The petitioner is the owner of a parcel of vacant land designated as lots 170 to 175, inclusive, on the filed map of Amityville Heights, Town of Babylon. These lots are each 25 feet wide at the street line and 125 feet deep, and are located in a district in which, under the Zoning Ordinance of the Town of Babylon, a one-family dwelling may be erected on a lot having an area of 10,000 square feet and a street frontage of 80 feet. Petitioner applied for a building permit on a plot consisting of lots 170, 171, 172 and part of 173, having a total frontage of 80 feet. The respondent refused to issue the permit on the ground that the proposed subdivision would result in the remainder of petitioner's property becoming a substandard sized plot in violation of section 25 of article XX of the zoning ordinance. This section reads as follows: " It shall be unlawful and deemed a violation of this Chapter for the owner of a parcel of ground to subdivide same whether by sale, devise, gift or otherwise, into smaller plots which will result in the creation of one or more undersized or substandard sized plots with relation to area and street frontage requirements of this Chapter in force at the time of such subdivision, and any plot so created shall be deemed to be in violation of the Ordinances and said violation shall be deemed to extend and apply to all newly created lots out of the original plot subdivided, whether or not one or more of the newly created plots is technically in conformity with the then existing Ordinances." The petitioner, without recourse to its administrative remedies under the zoning ordinance, commenced this article 78 proceeding, contending, *inter alia*, that the ordinance, as applied to its property, is unconstitutional. The Special Term held to the contrary. We agree. On this record it does not appear that there has been such a complete and absolute prohibition against the proposed use of petitioner's property as to warrant the court in determining that there has been an unconstitutional deprivation of property (cf. *People* v. *Calvar Corp.*, 286 N. Y. 419, 421; *Matter of Brous* v. *Smith*, 304 N. Y. 164, 171–172; *Incor-*

*porated Vil. of Upper Brookville* v. *Faraco*, 282 App. Div. 943, affd. 307 N. Y. 642). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.