## (July 23, 1971)

Rockland County Builders Association, Inc., et al., Appellants, v. John McAlevey et al., Constituting the Town Board of the Town of Ramapo, et al., Respondents.— In an action to declare section 46–13.1, amending the Zoning Ordinance of the Town of Ramapo, illegal, unconstitutional and void, plaintiffs appeal from an order of the Supreme Court, Rockland County, entered November 19, 1970, which denied their motion for summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint. Order reversed, on the law, without costs; plaintiffs' motion for summary judgment granted; the subject ordinance is declared unconstitutional; and defendants' cross motion denied. Plaintiffs brought the instant action after the Planning Board of the Town of Ramapo denied plaintiff Mildred Rhodes preliminary plat approval for her parcel of property on the ground she failed to obtain a special permit required under the challenged ordinance. The ordinance provided *inter alia* that a "residential developer" obtain a special permit from the Town Board prior to the issuance of any subdivision approval for a "residential development use" by the Planning Board. (See *Golden* v. *Planning Bd. of Town of Ramapo*, 37 A D 2d 236 [decided herewith], for details of the challenged ordinance.) The threshold question is one of standing. Special Term concluded that plaintiffs' constitutional attack was premature because they had not applied to the Town Board for a special permit prior to seeking plat approval and that accordingly there was not the proper exhaustion of remedies, citing *Old Farm Road* v. *Town of New Castle* (26 N Y 2d 462). In our opinion, plaintiff Rhodes has standing to challenge the constitutionality of the town's amended ordinance. Not only was Rhodes' preliminary subdivision plat denied, but any application to the Town Board for a special permit would, under the circumstances, have been futile. We cannot see any justification for compelling a plaintiff to go through the motions of applying for a special permit prior to the commencement of a constitutional attack on a zoning ordinance where, as here, the circumstances clearly indicate that such action would be futile. To hold otherwise would be blind adherence to the rule that one's administrative remedies must be exhausted before constitutional attack. *Old*

*Farm Road* v. *Town of New Castle* (26 N Y 2d 462, *supra*) is distinguishable, as indicated in Justice BENJAMIN'S dissenting memorandum in this case. On reaching the merits we find that the afore-mentioned section of the challenged ordinance is unconstitutional on its face for the reasons set forth in *Golden* v. *Planning Bd. of Town of Ramapo* (37 A D 2d 236, *supra*). Martuscello, Acting P. J., Latham and Brennan, JJ., concur; Shapiro, J., dissents and votes to affirm the order, with the following memorandum: If I were to reach the merits in this case I would concur in the views as to constitutionality expressed by Mr. Justice MUNDER in his dissenting opinion in *Golden* v. *Planning Bd. of Town of Ramapo* (37 A D 2d 236, decided herewith) and by Mr. Justice BENJAMIN in his opinion in this case, but I feel that the order appealed from should be affirmed on the ground that none of the plaintiffs has any standing to maintain this lawsuit. Since plaintiff Rockland County Builders Association, Inc. is not a property owner it is not a party aggrieved by the zoning amendment here in question and may therefore not subject it to attack (*Point Lookout Civic Assn.* v. *Town of Hempstead*, 12 A D 2d 505, affd. 9 N Y 2d 961). The other two plaintiffs, Rhodes aind Eldorado Development Corp., do own property in the Town of Ramapo, but they make no showing that any of the provisions of the zoning amendment materially affect them, for they cannot know whether the amendment will prohibit them from using their land for residential purposes unless they apply for the special permit provided for in the zoning amendment. It may be that their property is so situated as to have the necessary development points to permit the immediate — or reasonably immediate — use of their property for residential development. At the court said in *People* v. *Calvar Corp.* (286 N. Y. 419, 421): " There has been no such deprivation until there has been application for a permit and unreasonable refusal, and a statute does not violate the Constitution where it does not deprive an owner unreasonably of his property if the statute is properly administered in accordance with its terms." In *Old Farm Road* v. *Town of New Castle* (26 N Y 2d 462) Special Term granted a motion to dismiss the plaintiff's complaint, which sought a declaratory judgment that a zoning ordinance which set up certain architectural standards was unconstitutional. That dismissal was affirmed by this court (28 A D 2d 570) and by the Court of Appeals. The Court of Appeals said (p. 465): " *We conclude that the plaintiff should, indeed, be confined to its administrative remedy, in the first instance.* Aesthetic considerations are not unlawful per se (*People* v. *Stover*, 12 N Y 2d 462, app. dismd. 375 U. S. 42); and unless and until a building permit for a specific structure shall have been denied, even the existence of any present damage cannot be demonstrated, so nebulous is plaintiff's claim thereof as it appears in the allegations of the amended complaint hereinbefore quoted. *Additionally, in this particularly difficult area of regulation, a decision rendered prior to the denial of a building permit would have to be reached in a vacuum and without such help as we might obtain from knowledge of the board's practical construction of the ordinance and of the standards actually applied*" (italics supplied). It thus appears clear, at least to me, that in order to be in a position to raise the issue of constitutionality plaintiffs must be able to demonstrate that they have sustained damage or injury by reason of the inhibiting provisions of the statute which they attack. Here the two affected property owners, Rhodes and Eldorado Developing Corp., have not applied to the Town Board for the special permit mentioned in the zoning law. As a consequence they have not been, and may not be, refused permission to develop their land for residential purposes. To decide this case upon the present pleadings would indeed be deciding the issue in a vacuum. I am therefore of the opinion that plaintiffs Rhodes and Eldorado Developing

Corp. are not presently aggrieved parties and that their attack on the zoning law as unconstitutional is premature. The order appealed from should therefore be affirmed. Benjamin, J., dissents and votes to modify the order so as to grant judgment for defendants declaring the subject ordinance constitutional, with the following memorandum: Special Term dismissed the complaint on the ground that the action was premature and raised no justiciable issue, because none of the plaintiffs had unsuccessfully applied to the Town Board for a special permit to subdivide their land, as required by the subject ordinance. I disagree with that conclusion. Plaintiff Rhodes did file a preliminary subdivision plat with the Town Planning Board and it was rejected because of the failure first to obtain the required special permit from the Town Board. An additional application, this time to the Town Board for such special permit, obviously would have been futile because it could not have been granted in light of the provisions of the subject ordinance. In my view this is sufficient to give Rhodes standing to attack the ordinance by a declaratory judgment action and to raise a justiciable issue as to validity of the ordinance on its face. *Old Farm Road* v. *Town of New Castle* (26 N Y 2d 462) is distinguishable, because there no application had been made to any of the appropriate town bodies and none, therefore, had been rejected before a suit was brought to declare the ordinance unconstitutional on its face; additionally, issuance of the required permit in that case turned on a Board's evaluation of the architectural features of the proposed building and it would have been difficult, if not impossible, to predict in advance how any application would be dealt with. Quite different is the case at bar, where one of the two required applications had been made and rejected because of non-compliance with the statute, and rejection of the other would have been inevitable by reason of the precise, objective point system that had to be applied under the subject ordinance. Even if I am wrong on this question of standing, I would be inclined to reach the merits on this appeal because they are being passed upon in the companion case of *Golden* v. *Planning Bd. of Town of Ramapo* (37 A D 2d 236, decided simultaneously herewith) where the issue of standing was not raised despite the fact that the fact pattern there was the same as in this case. Turning now to the merits of this dispute, I believe the subject ordinance is constitutional on its face. [It may be that at some later date it will be unconstitutionally applied to specific property, but that question is not now before us.] Section 261 of the Town Law grants the power " to regulate and restrict * * * the density of population, and the location * * * of buildings * * * for * * * residence or other purposes " in order to promote " the health, safety, morals, or the general welfare of the community ". Section 262 grants power to divide the town into districts and within them to " regulate and restrict the erection * * * of buildings ". Section 263, entitled " Purpose in view ", says: " Such regulations shall be made in accordance with a comprehensive plan and designed to lessen congestion in the streets, to secure safety from fire, flood, panic and other dangers; to promote health and general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements." In my opinion, the granted zoning powers, construed in light of the broad, salutary purposes stated in section 263, clearly encompass the power to regulate the growth of a town in time as well as space, so as to ensure its orderly development, avoid urban sprawl and prevent the development of outlying areas before the town can reasonably be expected to furnish them with roads, water, sewerage, schools, parks and the other essentials of a residential community. So construed, these statutes accord with the modern trend in zoning and the current

emphasis on avoiding in the future the decay of our urban communities that now exists because of the past's unplanned growth. The subject zoning amendment is carefully drawn, as part of a sound, comprehensive plan which encompasses a capital budget and program for the development of all of the required municipal facilities within a maximum of 18 years; and it adequately protects the property owners affected by it (a) by giving them tax assessment reductions during the periods that they cannot build because of the lack of required public improvements and (b) by crediting them with the appropriate "points" for those public improvements on their scheduled completion dates, even if the town has defaulted on its obligation and has not completed them by those dates. Such temporary restraints on building, reasonably limited as to time, with built-in safeguards to protect affected property owners, and adopted as part of a sound, comprehensive plan, clearly are within the town's power and are not invalid, since they are necessary for "'the ultimate good * * * of the municipality'" (see *Westwood Forest Estates* v. *Village of South Nyack*, 23 N Y 2d 424, 429). With respect to the provision in the zoning amendment that permits a reduction in the assessment of affected land by the Development Easement Acquisition Commission "as compensation for the temporary restriction" placed upon it, I see no merit in the contention that it constitutes an illegal partial tax exemption. In my view, such reduction of assessment is not a tax exemption at all, but merely a pragmatic and valid recognition of the fact that the temporary restriction on the land has reduced its value during the period of restriction (cf. General Municipal Law, § 247, subd. 3). Land can, of course, be assessed at only such value as it actually has at the time of assessment; and it therefore would be not only improper, but even unlawful, to refuse an interim assessment reduction during the period that the land's value has been reduced by the temporary restriction. I conclude that the subject zoning ordinance is constitutional as written and that defendants are entitled to a judgment so declaring.