LEONARD E. HAMMOND et al., Appellants, v. TOWN OF CALDWELL, Respondent. — Appeal from an order of the Supreme Court, Warren County. Plaintiffs are the owners of unimproved land in the town of Caldwell having a fifty-foot frontage on a street. A town zoning ordinance enacted after plaintiffs' acquisition of title prohibits the erection of any structure in this area having a frontage of less than seventy-five feet. In an action for declaratory judgment the complaint alleges the ordinance is unconstitutional as to this land acquired before its enactment since it prohibits any use of it. The court at Special Term has dismissed the complaint. The town on appeal concedes that plaintiffs should be permitted to construct a dwelling on their premises but argues their remedy is to apply to the board to grant a variance. On the motion addressed to the complaint its factual averments must be accepted and affidavits cannot be read. The complaint on its face alleges interference with plaintiffs' rights on constitutional grounds. It states on its face a cause of action for declaratory judgment. It may well be that when the record is fully developed it will be seen that the plaintiffs have other remedies to protect their rights by application to the board and direct review of its determination; that the constitutional question will not be decisive, and that the declaratory judgment will be unnecessary. All this will depend on the pleading of the defendant and on the course of the trial. On its face we think the complaint is good. Order reversed, on the law and facts, and motion denied, with $10 costs and disbursements. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

IRVING GOODMAN, as Administrator of the Estate of CHESTER GOODMAN, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Motion No. 2328.) — Appeal from an order of the Court of Claims, granting leave to file a claim after the expiration of the ninety-day limitation. The action is for the alleged wrongful death of decedent by suicide and is based upon the ground of improper supervision while he was an inmate of a State hospital for the mentally ill. Claimant contends that he was unable to obtain from the State or any of its agencies sufficient information of the circumstances surrounding the death of decedent to prepare the claim on time. The court below has found that the State had an awareness of the claim since its inception and has not been prejudiced by any delay in filing, and that there was a reasonable excuse for not filing within the statutory period. The order is discretionary by the express terms of the statute, and we do not think such discretion was abused. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.