TOWN OF CORTLANDT, Appellant, v. ELIZABETH MCNALLY, Respondent.— Plaintiff appeals from an order granting defendant's motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice, dismissing the complaint and from the judgment entered thereon. The action was brought to enjoin defendant from making any alterations or additions to a building on land owned by her and situated within the unincorporated section of the town of Cortlandt. Prior to the adoption of a zoning ordinance by plaintiff's town board, defendant had constructed a building on her land which she operated as a grocery store. Her property consists of a triangular lot bounded on two sides by streets, and is located in an area which is predominantly residential. By the zoning ordinance that area was designated as a residential "R–7.5" district, within which land may be used for residential and certain other uses, but not for commercial purposes, and to which various restrictions as to area and width of building lots, front and rear yard dimensions and other matters, are applicable. On her motion for summary judgment defendant contended that the ordinance was unreasonable and confiscatory, and therefore unconstitutional, as it applied to her property, in that by reason of the physical characteristics of the property it could not be used for residential purposes within the limitations applicable to an "R–7.5" district. She further contended

that it was not incumbent upon her to seek a variance of such restrictions before so attacking the ordinance, which contained provisions for the granting of variances by a board of appeals in cases of hardship resulting from the physical characteristics of property. Order and judgment reversed, with $10 costs and disbursements, and motion denied, with $10 costs. In our opinion summary judgment should not have been granted, since the proofs submitted by respondent did not establish that the zoning ordinance was unreasonable, confiscatory or unconstitutional. Respondent's contentions were based, not upon a claim that the ordinance was unreasonable in its application to the entire district or locality in which her property lay, but upon the conditions peculiar to her particular property. (Cf. *Matter of Otto* v. *Steinhilber,* 282 N. Y. 71, 75, and *Dowsey* v. *Village of Kensington,* 257 N. Y. 221.) It was therefore incumbent upon her, in order to sustain her attack upon the validity of the ordinance, to show that the ordinance did not authorize a variance of the general restrictions which would permit the use of her property for a purpose to which it is reasonably adapted, or that such a variance had been refused. (*Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222, 226.) In our opinion, a triable issue of fact exists as to whether or not respondent's property is reasonably adapted for residential use. The ordinance in question would authorize the granting of a variance as to such of the restrictions applicable to an " R–7.5 " zone as would otherwise prevent such use. The grocery business conducted on the property prior to adoption of the ordinance may be continued as a nonconforming use. The fact that such a business use was made of the property before adoption of the ordinance or that such a use may be of somewhat greater financial benefit to respondent than use for residential purposes, however, does not affect the validity of the ordinance. (See *Shepard* v. *Village of Skaneateles,* 300 N. Y. 115.) Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur. [See 283 App. Div. 800.]