Mario Pittoni, J.
This is an action by Annpaul Realty Corp. for a judgment declaring that a zoning ordinance is unconstitutional and void insofar as it classif.es the premises owned by the plaintiff as residential.
The subject property is located in the unincorporated area of the Town of Hempstead, on the southwest, corner of Broadway and Sunset Avenue. In a building which was constructed on the premises in 1926 there are seven stores, three facing Broadway, three facing Sunset Avenue, and a corner store which faces both streets. A zoning ordinance was adopted in 1930 which placed the premises in a residence ££ B ” district: This ordinance was amended on several occasions, but the premises were retained in the same residence ££B” district. As the premises had been devoted to a business use prior to the enactment of the ordinance, the plaintiff and its predecessors in title have been permitted to continue the business use as a nonconforming use.
The plaintiff alleges that on a number of occasions since the adoption of the ordinance incidents have occurred respecting the use of the premises in which nearby residential property owners claimed that the premises were being* used for an illegal purpose. On one occasion (Aug*. 18, 1955) after a complaint by Albert Jackson of 77 Sunset Avenue, the plaintiff herein pleaded guilty to a violation of section E-l.l of article 2 of the Building Zone Ordinance, that section E-l.l permits only those uses to continue in a building which existed when the ordinance was adopted.
Heretofore (June, 1955) the plaintiff applied to the defendants for a change in the zone from residence ££ B ” to ££ Business ”, but after a public hearing" the application was denied. One of the grounds urged on that application was that the rezoning to “ Business ” of two nearby parcels showed that the petitioner’s premises were improperly retained in a residence district.
The plaintiff urges that its property is being* taken without due process of law and therefore the ordinance which has no relation to the health, safety, morals or general welfare of the community is unconstitutional.
The plaintiff admits that since 1926 the stores have been used for a multitude of commercial purposes. Some of the uses are: sale of dress goods, drugstore, tinsmith, radio repair shop, manufacturer of screens and awnings, laundry, barbershop, package liquor store, bar and grill, tire repair shop, candy store, plumber, art studio, etc. However, the plaintiff contends *71 that several tenants moved because nearby residents caused or threatened prosecution.
The court is not satisfied that the evidence shows an unreasonable restriction by the ordinance upon the use of the plaintiff’s property. The uses enumerated above, if not sufficient to provide a reasonable return on the investment, may be changed under appropriate circumstances by an application to the Board of Appeals. Section E-l.l provides in part: £ c Also such nonconforming* use may be changed to another use which is allowed in the district to which the existing non-conforming use belongs, provided it is determined by the Board of Appeals that it is no more harmful in character.” That section permits a change to another nonconforming use existing in the district. Were it construed as merely permitting a change to a use generally permitted in a residential district by the ordinance there would be no reason for requiring* permission from the Board of Appeals. Since the plaintiff lias liad the use of the premises for business and may on proper application receive permission to change the use, the court cannot find that the hardship imposed on the plaintiff is of such degree that a declaration of nullity is warranted. Moreover, as an administrative remedy is available to the plaintiff, an unsuccessful application to the Board of Appeals is a condition precedent to a maintenance of an action for a declaratory judgment (New York Trap Rock Corp. v. Town of Clarkstown, 1 A D 2d 890; Town of Cortlandt v. McNally, 282 App. Div. 1072). The record does not show that the plaintiff has applied for and been denied necessary relief.
On the issue of estoppel raised by the answer, the court holds that the plea of guilty by the plaintiff in August, 1955 when charged with a violation of section E-l.l of article 2 of the ordinance does not liar an attack upon the constitutionality of the ordinance.
Accordingly, judgment is granted in favor of the defendants dismissing* the complaint.
Submit judgment on notice.