■ WILLIAM J. LEVITT et al., Respondents, v. INCORPORATED VILLAGE OF SANDS POINT et al., Appellants.— In an action to declare unconstitutional an amendment to the Building Zone Ordinance of the Incorporated Village of Sands Point, the appeal is from a judgment entered after trial before an Official Referee, to whom the action had been referred to hear and determine, declaring the amendment unconstitutional and void insofar as it affects respondents' property. The amendment changed the minimum lot area for a single-family residence from one acre to two acres. Judgment reversed on the law and the facts, with costs, and amended complaint dismissed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The amended complaint alleged, *inter alia*, that the amended ordinance was unreasonable and confiscatory because there was on the westerly side of Middle Neck Road, directly opposite to respondents' property, land developed with small single-family residences on plots having a maximum area of 7,500 square feet, and there was, south of respondents' property and a short distance therefrom, land improved with a multiple low-cost housing project. The amended ordinance provides that the Village Board of Appeals may within stated limitations grant variances of the provisions thereof which respondents complain of "where the general character of the land in the immediate vicinity is such that residences have been erected on lots of less than two (2) acres". The record discloses that the variances authorized, if granted, would be sufficient to permit respondents to develop their property in accordance with their plans. The learned Official Referee found that "on all the proof it may not be held that the amendment restricts [respondents'] property to a use for which it is not reasonably adapted", but nevertheless held that the amendment was unreasonable, arbitrary and capricious in that it deprived respondents of their property without due process of law, and was in excess of the authority of the village trustees in that it bore no relation to public health, morals, safety and general welfare. He also indicated that he was in accord with the view that before property may be *rezoned,* as here, there should be proof either that there was a mistake in the original zoning or that there has been a substantial change in the character of the neighborhood warranting reclassification (cf. *Hyde* v. *Incorporated Vil. of Baxter Estates,* 140 N. Y. S. 2d 890, affd. 2 A D 2d 889, affd. 3 N Y 2d 873). He also held that respondents were not required to exhaust their administrative remedies before instituting this action, the law of the case having been decided otherwise. (See *Levitt* v. *Incorporated Vil. of Sands Point,* 2 A D 2d 688.) We are in accord with the conclusion that the amendment to the zoning ordinance does not restrict respondents' property to a use for which it is not reasonably adapted. It is our opinion, however, that it may not be held on the record presented that respondents were deprived of their property without due process or that the ordinance is unconstitutional as arbitrary, capricious (cf. *Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222, 226; *Shepard* v. *Village of Skaneateles,* 300 N. Y. 115; *Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115), or without relation to purposes which appellants were authorized to effect (cf. *Dilliard* v. *Village of North Hills,* 276 App. Div. 969). Neither are we in accord with the view that before an amendment to a zoning ordinance may be sustained there must be proof of mistake in the original enactment or a change in the character of the property involved in the reclassification (see Village Law, § 179; *Rodgers* v. *Village of Tarrytown,*

*supra,* p. 121; *Penataquit Assn.* v. *Furman,* 283 App. Div. 875). Furthermore, it is our opinion that in view of the provisions of the amended ordinance which permit a variance to be granted under the circumstances complained of in the amended complaint, it has not been established that there has been any deprivation of respondents' property rights which would permit a determination that the ordinance is unconstitutional as confiscatory. Concededly, respondents have not applied for, nor have they been refused, such a variance with respect to any of their property (cf. *People* v. *Calvar Corp.,* 286 N. Y. 419; *Incorporated Vil. of Upper Brookville* v. *Faraco,* 282 App. Div. 943; *Matter of Great Neck Community School* v. *Dick,* 3 A D 2d 664). Our previous determination (*Levitt* v. *Incorporated Vil. of Sands Point,* 2 A D 2d 688, *supra*) did not establish the law of this case to the contrary. Regardless of the arguments contained in the briefs on that appeal, all that was actually determined was that the first cause of action contained in the amended complaint which alleged that the amendment was unconstitutional not only because it was confiscatory, but for other reasons, was sufficient as a pleading to withstand attack under rule 106 of the Rules of Civil Practice (cf. *Hammond* v. *Town of Caldwell,* 282 App. Div. 798). The evidence now before us does not establish facts which justify a failure to apply for the relief which the Village Board of Appeals was authorized to grant prior to the commencement of this action. Nolan, P. J., Wenzel and Kleinfeld, JJ., concur; Beldock and Murphy, JJ., dissent and vote to affirm, with the following memorandum: After respondents purchased in 1951 a 127-acre tract of land for the purpose of subdividing it into then permissible 1-acre plots, the village zoning ordinance was amended in 1954 to require that a residential building plot have a minimum area of two acres. This amendment resulted in a depreciation of the value of respondents' property of $1,000 an acre (according to appellants) and $2,500 an acre (according to respondents). We agree with the learned Official Referee that two-acre zoning in this village bears no relation to public health, morals, safety, or general welfare, that it would retard the growth and development of the village, that it is not necessary to provide adequate light and air, and that there is no threat of overcrowding or of overconcentration of population. Respondents' property will necessarily remain unimproved and unproductive, and a source of expense to the owners. In the absence of some showing that the property can be put to a profitable use within a reasonable time so that temporary hardship may ultimately be compensated (and there was no such proof here), the burden placed on the owner is in the nature of confiscation. (*Mardine Realty Co.* v. *Village of Dobbs Ferry,* 1 A D 2d 789, affd. 1 N Y 2d 902.)