Marcus G. Christ, J.
This is a motion pursuant to rule 106 of the Rules of Civil Practice for an order dismissing the complaint for failure to state facts sufficient to constitute a cause of action.
*99 In this action the plaintiff seeks a judgment declaring null and void the Building Zone Ordinance of the Incorporated Village of Old "Westlmry insofar as it restricts plaintiff’s property to the uses permitted in a Residence B District, namely, detached single-family residences on plots having an area of one acre or more.
According to the complaint, since 1941 the plaintiff has owned a 16%-acre parcel of land situated at the northeast corner of Jericho Turnpike and Guinea Road (also known as Glen Cove Road) in the Incorporated Village of Old Westbury. This parcel is bounded on the west by Guinea Road; oh its northerly and easterly sides by Hillside Avenue (and partly by property of the Town of North Hempstead); and on its southerly side by Jericho Turnpike. The Building Zone Ordinance of the village, originally enacted in 1926 and from time to time thereafter amended, classifies plaintiff’s parcel in a Residence B District wherein the use of property is restricted to detached single-family residences on plots having an area of one acre or more.
In September, 1957, it is alleged, plaintiff applied to the Board of Trustees of the village to have the zoning classification changed to Business C, but the board has taken no action on such application. Since the adoption of the zoning ordinance and zoning map, plaintiff alleges, the conditions and neighborhood surrounding and affecting her property have changed rendering her property wholly unfit for detached single-family residences on plots of one acre or more or for any use permitted in a Residence C District. In support of this change of conditions and neighborhood, plaintiff alleges (a) that her property is surrounded by three main arterial highways whose traffic in recent years has greatly increased thereby creating noise, dirt, congestion and air pollution making her property unfit for residential use; (b) that recent widening and straightening of Northern State Parkway plus completion of Meadowbrook State Parkway has greatly increased the traffic volume passing her property both on the parkways and the highways surrounding the property; (c) that she believes an extension of the Horace Harding Expressway is about to be completed with the result that eastbound traffic therefrom will pour into Guinea Road at a point less than two miles north of plaintiff’s property causing much of the traffic of such expressway to be diverted onto the highways which surround her property and producing an' adverse effect thereon; (d) that many businesses have been established in the neighborhood of plaintiff’s property along Jericho Turnpike and Guinea Road and particularly on lots directly opposite her property; (e) that the bus^ess and high *100 density zoning and development of the land near plaintiff’s property on the south side of Jericho Turnpike and west side of Guinea Road has rendered plaintiff’s property wholly unsuited to one-acre residential use; and (f) that plaintiff believes that it is proposed to widen both Jericho Turnpike and Hillside Avenue to enable such highways to carry the increased volume of traffic already present and anticipated in the near future and that it is the intention of the State of New York as part of such work to acquire some substantial portions of plaintiff’s property.
The validity of the ordinance is challenged by the plaintiff upon these grounds: (1) that plaintiff’s property is neither •adapted nor suited to residential purposes; (2) the location and surrounding conditions of plaintiff’s property are in no way conducive to the use of such property, either in whole or in part, for residential purposes of any character whatsoever and that the only reasonable purpose for which such property is suited or adapted or for which it could be used is that of a business use; (3) that the unreasonable restriction imposed by the ordinance destroys the greater part of the value of plaintiff’s property and that such restriction is an unconstitutional invasion of plaintiff’s property rights; (4) that the prohibition of the ordinance against the use of plaintiff’s property for business purposes bears no substantial relation to the public health, safety, morals or general welfare of the community; (5) that the ordinance as it affects plaintiff’s property is not in accord with a comprehensive or well-considered plan and does not promote any of the purposes for which the zoning power may be exercised by the Board of Trustees; and (6) that the ordinance as it affects plaintiff’s property is arbitrary, capricious, unreasonable and confiscatory, depriving the plaintiff of any reasonable use of her property without due process of law.
The defendants base their motion to dismiss upon two principal grounds. First, that no facts are sufficiently alleged to sustain the plaintiff’s claim that, as applied to her property, the ordinance is confiscatory and therefore unconstitutional. Second, that the plaintiff has failed to allege the exhaustion of administrative remedies provided by the ordinance itself.
Before considering each of these grounds it is necessary to recall that the ambit of judicial review of legislative enactments is limited by the presumption of constitutionality which attaches to legislation enacted through an exercise of the police power. The burden rests upon one who challenges such legislation as unconstitutional to show that under no permissible interpretation of the facts can the legislative enactment be considered a *101 reasonable exercise of police power (Shephard, v. Village of Skaneateles, 300 N. Y. 115,118; Rodgers v. Village of Tarrytown, 302 N. Y. 115, 121). The extent of the assailant’s burden was recently described by the Court of Appeals in Wiggins v. Town of Somers (4 N Y 2d 215, 218): “ While this presumption is rebuttable, unconstitutionality, must be demonstrated beyond a reasonable doubt ” (emphasis supplied).
In addition to the presumption of constitutionality there is the familiar rule that if the zoning classification is fairly debatable, the judgment of the local legislative body is controlling and judicial intervention will be withheld. These principles must guide the court in passing upon the sufficiency of this complaint.
Inasmuch as the ultimate test is whether the challenged ordinance can be justified by any reasonable interpretation of the facts as a legitimate exercise of the police power, it follows that the plaintiff must plead the facts upon which rests the claim of unreasonableness. The gist of the plaintiff’s complaint is that the location of her property is such that it is not suitable or adapted for detached single-family residences on plots of one (1) acre or more. The difficulty with the complaint is that the plaintiff has not pleaded facts supporting this claim of unsuitability.
When analyzed, those portions of the complaint relied on by plaintiff as alleging facts simply allege that plaintiff’s property has been made unsuitable to one-acre residential use because of two conditions: (1) the heavy traffic now present and expected to increase on the highways bordering the property with accompanying noise, dirt, congestion and air pollution and (2) the existence of business uses near plaintiff’s property. Giving to these allegations the most favorable interpretation in plaintiff’s behalf, they do not warrant the conclusion that plaintiff’s parcel in whole or in part may not be reasonably used for residential purposes. Nor do they warrant the conclusion that the only reasonable purpose for which the property is suited, adapted or could be used is that of a business use. Something more of factual criteria is required in order to put together link by link the chain of reasoning which leads to the judgment that beyond any reasonable doubt the ordinance is unconstitutional. Absent from the complaint are facts showing unsuccessful attempts to sell all or part of the property for residential purposes; or facts showing that experts in the home development field have advised the plaintiff that residences erected on the property could not be sold with a reasonable profit; or facts showing the value of the property as now zoned and its value if zoned for business; or facts showing that residences have not been built recently *102 along Hillside Avenue and Jericho Turnpike on other parcels zoned Residence B; or that old dwellings on other parcels in such Residence B District have been abandoned for residential use. These factual criteria are mentioned not for the purpose of indicating that these are the sole criteria by which unsuitability of current zoning is to be evaluated, but to illustrate that the complaint lacks the kind of factual raw material which the court must assay to find out whether unreasonableness exists as the plaintiff asserts.
With respect to the second principal ground on which this motion is based, the complaint lacks any allegation that a variance would be unobtainable under the ordinance or that an application for a variance was made and denied. If ‘1 the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood ” (Matter of Otto v. Steinhilber, 282 N. Y. 71, 76) as the allegations of the complaint tend to indicate, it may be that a variance as to use could be obtained on the basis of unnecessary hardship as to such portion of the property not suited for residences. The ordinance does provide a means for granting relief from the strict application of its provisions in appropriate cases. The doctrine of exhaustion of administrative remedies requires the plaintiff, in order to sustain her attack upon the validity of the ordinance, “ to show that the ordinance did not authorize a variance of the general restrictions which would permit the use of her property for a purpose for which it is reasonably adapted, or that such a variance had been refused”. (Town of Cortlandt v. McNally, 282 App. Div. 1072,1073.)
Accordingly,, since the facts stated are insufficient to constitute a cause of action both as to the unreasonableness of the zoning and the unavailability or the exhaustion of administrative remedies, the motion is granted with leave to serve an amended complaint within 20 days after service of a copy of the order entered hereon.