■ HOPE N. GARDNER, Appellant, v. R. J. LE BOEUF, JR., et al., Constituting the Board of Trustees of the Incorporated Village of Old Westbury, Respondents.— In an action for a judgment declaring that the Building Zone Ordinance of the Incorporated Village of Old Westbury is invalid insofar as it restricts the appellant's property to a prescribed residential use and prevents the development of such property for. business purposes, and for other relief, the appeal is from an order granting a motion to dismiss the complaint for insufficiency (Rules Civ. Prac., rule 106, subd. 4). The Special Term held that the complaint was deficient in that it failed to set forth sufficient factual criteria to support the claim that the ordinance was unconstitutional and failed to allege that the appellant had exhausted such administrative remedies for a variance as might be available to her by way of relief. Order reversed, with $10 costs and disbursements, and motion denied. Respondents may serve an answer, if so advised, within 10 days after entry of the order hereon. The complaint sufficiently states a cause of action for a declaratory judgment. Appellant has pleaded the ultimate facts upon which she rests her conclusion that the ordinance should be declared unconstitutional, and is not required to state the evidence by which they are to be proved (Civ. Prac. Act, § 241). Neither does it appear on the face of the complaint that the ordinance or the Village Law authorizes a variance of the application of the general restrictions imposed, or the granting of a special exception, which would permit the use of appellant's property for a purpose for which it is reasonably adapted, and that consequently the ordinance may not be declared unconstitutional, insofar as it affects appellant's property until an application has been made for such a variance or exception and denied (cf. *People* v. *Calvar Corp.*, 286 N. Y. 419, 421; *Town of Cortlandt* v. *McNally*, 282 App. Div. 1072; *Matter of Great Neck Community School* v. *Dick*, 3 A D 2d 664; *Levitt* v. *Incorporated Vil. of Sands Point*, 6 A D 2d 701, 702). When issue is joined and the facts are established, it may appear that adequate relief may be obtained under the provisions of the ordinance or the Village Law (cf. *Hammond* v. *Town of Caldwell*, 282 App. Div. 798). Such proof may be adduced, if it is available. All that we are deciding now is that the complaint sufficiently states a cause of action for a declaration that the ordinance unreasonably deprives appellant of the use of her property (cf. *Levitt* v. *Incorporated Vil. of Sands Point*, 2 A D 2d 688; 6 A D 2d 701, 702, *supra*). Nolan, P. J., Wenzel, Murphy and Kleinfeld, JJ., concur; Hallinan, J., dissents and votes to affirm, with the following memorandum: In addition to the grounds stated in the opinion of the Justice at Special Term (*Gardner* v. *Le Boeuf*, 14 Misc 2d 98), the appellant in this case conceded that the zoning ordinance assailed is not invalid on its face, and that it may be declared confiscatory only by assuming the validity of the allegations contained in the complaint. Accordingly, as was properly held at Special Term, appellant had to detail what specific facts, rather than general conclusions, made the ordinance unconstitutional as to appellant's property in view of the presumption of the validity attached to the ordinance (cf. *Wiggins* v. *Town of Somers*, 4 N Y 2d 215, 218). [14 Misc 2d 98.]