■ DANIEL ELSTEIN, Appellant, v BOARD OF TRUSTEES OF THE VILLAGE OF SKANEATELES, Respondent.—Judgment unanimously modified on the law and as modified affirmed with costs to defendant in accordance with the following Memorandum: Plaintiff is the owner of a 41-acre parcel in the Village of Skaneateles. At the time that he purchased that property, it was zoned as Residential B, which allowed for the construction of multifamily units and apartments. In 1986, the Village enacted an amendment to its zoning ordinance, which redesignated the Residential B district as Residential A-2 and which placed more restrictive requirements on the zone. In this action, plaintiff contends that the amended ordinance should not be applied to his property because he had made a subdivi-

sion application under the prior ordinance. He also contends that the amended ordinance is unconstitutional and was not properly enacted. Supreme Court, in granting defendant's motion for summary judgment, declared the amended ordinance valid, legal and constitutional. We agree.

Contrary to plaintiff's contention, the record demonstrates that plaintiff did not have a complete subdivision application before the planning board under the zoning ordinance prior to its amendment. Thus, there is no merit to plaintiff's contention that the amended ordinance cannot lawfully be applied to his parcel.

Also without merit is plaintiff's challenge to the validity of the amended ordinance. A strong presumption of validity attaches to that ordinance (see, Matter of Town of Bedford v Village of Mount Kisco, 33 NY2d 178, 186, rearg denied 34 NY2d 668), and plaintiff has not overcome that presumption. The uncontroverted facts in the record establish that the amended ordinance was enacted in accord with a comprehensive plan for land use within the Village and that it does not constitute spot zoning (see, Village Law § 7-704; Asian Ams. for Equality v Koch, 72 NY2d 121, 131; Rodgers v Village of Tarrytown, 302 NY 115, 121; Pyne v Knaisch, 159 AD2d 999; Kravetz v Plenge, 84 AD2d 422; see also, Goodrich v Town of Southampton, 39 NY2d 1008).

Additionally, because there has been no showing that plaintiff will suffer an injury that is environmental in nature as a result of the amended ordinance, he lacks standing to raise a SEQRA challenge to it (see, Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 777-778; Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d 428, 433; Matter of Niagara Recycling v Town Bd., 83 AD2d 335, 341, affd 56 NY2d 859).

Finally, Supreme Court erred in dismissing that part of the complaint requesting declaratory relief (see, Raffone v Town of Islip, 85 AD2d 597, 598). (Appeal from Judgment of Supreme Court, Onondaga County, Mordue, J.—Declaratory Judgment.) Present—Boomer, J. P., Pine, Boehm, Fallon and Davis, JJ.