In the Matter of DALRYMPLE GRAVEL AND CONTRACTING Co. et al., Respondents, v TOWN OF ERWIN et al., Appellants.

[758 NYS2d 755] —Appeal from a judgment (denominated order) of Supreme Court, Steuben County (Latham, J.), entered January 15, 2002, which invalidated Local Law No. 1 of 2001 of respondent Town of Erwin.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding challenging the enactment of Local Law No. 1 of 2001, which prohibits new mining activities in respondent Town of Erwin (Town). Respondents appeal from a judgment invalidating the local law at issue based on respondents' failure to comply with Town Law § 264. We affirm, but for a different reason.

The underlying facts are essentially undisputed. Petitioners entered into an agreement for the sale and purchase of property located along the banks of the Cohocton River in the Town with the understanding that, once the property was purchased, a gravel mine would be developed on the site. In order to effectuate that purpose, applications had to be approved by the Town Planning Board. After requesting an environmental impact statement, the Planning Board tabled the applications for later decision. Soon thereafter, respondent Town Board began considering a ban on gravel mining within the Town and ultimately enacted the local law at issue herein, thereby effectively banning new gravel mines in the Town. In challenging the enactment of the local law, petitioners contended, inter alia, that respondents had not provided the requisite notice of the public hearing concerning the local law to all neighboring municipalities within 500 feet of the property affected by the local law. It is undisputed that the requisite notice of the public hearing was not provided to two of the municipalities entitled to such notice, i.e., the Towns of Hornby and Tuscarora.

We agree with respondents that Supreme Court erred in invalidating the local law based on their failure to comply with Town Law § 264. Respondents correctly assert that they enacted the local law pursuant to Municipal Home Rule Law (*see Kamhi v Town of Yorktown*, 74 NY2d 423, 433-434 [1989]) and thus the procedural requirements for enactment of the local law are not governed by Town Law (*see Yoga Socy. of N.Y. v Incorporated Town of Monroe*, 56 AD2d 842, 843-844 [1977], *appeal dismissed* 42 NY2d 910 [1977]). However, the Town must nevertheless adhere to its own notice requirements (*see Matter of Kuhn v Town of Johnstown*, 248 AD2d 828, 830 [1998]). Here, section 130-102 of the Town Zoning Code provides that the Town Board may, "from time to time, * * *

amend by local law the regulations and districts established under this Zoning Law after public notice and hearing in each case." Pursuant to section 130-104 (2), the Town Board must, inter alia, give "written notice at least ten (10) days prior to the date of the public hearing to any required municipal, county, regional, metropolitan, state or federal agency including housing authorities, municipalities and state parks within 500 feet of the property affected by the zoning amendment in the manner prescribed by law." Because it is undisputed that the proper notice was not given to all municipalities within 500 feet of the property affected by the zoning amendment, the local law was properly invalidated. Present—Pigott, Jr., P.J., Green, Wisner, Burns and Lawton, JJ.