■ KENNETH BERGSTOL, Appellant, v TOWN OF MONROE, Respondent. [790 NYS2d 460]—

In an action, inter alia, for a judgment declaring that Local Law No. 1 (2002) of the Town of Monroe is invalid and in violation of Town Law § 272-a (11), the plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated September 2, 2003, which granted the defendant's motion for summary judgment and denied his motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that Local Law No. 1 (2002) of the Town of Monroe is valid and is not in violation of Town Law § 272-a (11).

In 1998 the Town of Monroe adopted a comprehensive "Master Plan" which, among other things, provided that land meeting certain criteria, which the plaintiff's property allegedly satisfied, would be compatible with multiple-residence use. In 2002 the Town adopted Local Law No. 1, which excluded "multiple dwelling groups" from the zoning district where the plaintiff's property is located. The plaintiff claims, in this declaratory judgment action, that Local Law No. 1 (2002) of the Town of Monroe violates Town Law § 272-a (11) because it is inconsistent with the provisions of the Town's 1998 comprehensive plan.

Town Law § 272-a (11) provides that where, as here, a town has adopted a formal comprehensive plan, the town's zoning decisions must be consistent with that plan. Compliance with the statutory requirement is measured, however, in light of the long-standing principle that one who challenges such a legislative act bears a heavy burden (*see Matter of Town of Bedford v Village of Mount Kisco,* 33 NY2d 178, 186 [1973]). " 'If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control' " (*Shepard v Village of Skaneateles,* 300 NY 115, 118 [1949], quoting *Village of Euclid v Ambler Realty Co.,* 272 US 365, 388 [1926]; *see De Sena v Gulde,* 24 AD2d 165, 169 [1965]). Thus, where the plaintiff fails to establish a clear conflict with the comprehensive plan, the zoning classification must be upheld (*see Taylor v Incorporated Vil. of Head of Harbor,* 104 AD2d 642, 644-645 [1984]; *Blumberg v City of Yonkers,* 41 AD2d 300, 306-308 [1973]).

The plaintiff did not satisfy his burden here. Although the Town's comprehensive plan provides that multiple residences may be permitted in certain locations within the Town, including the location of the plaintiff's property, it does not provide that such uses should be permitted in all such locations. Thus, contrary to the plaintiff's contention, the fact that his property is located in an area in which such a use may have been contemplated by the comprehensive plan does not render invalid the zoning law that does not permit such a use. The Supreme Court therefore properly determined that Local Law No. 1 (2002) of the Town of Monroe was legally enacted in conformance with the Town's Master Plan.

The plaintiff's remaining contentions are without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that Local Law No. 1 (2002) of the Town of Monroe is valid and is not in violation of Town Law § 272-a (11) (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.