# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1284**

**CA 13-00384**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

JULIANNE RESTUCCIO, JAMES RESTUCCIO, JAMES
MCMANUS, TAMMY MCMANUS, KATHLEEN THOMPSON,
MICHAEL A. RUSSELL AND RAJESH MODI, INDIVIDUALLY
AND AS MEMBER AND AUTHORIZED AGENT OF MATANGI
MOTELS, LLC, PLAINTIFFS-APPELLANTS,

V                                        MEMORANDUM AND ORDER

CITY OF OSWEGO, COMMON COUNCIL OF CITY OF
OSWEGO, HONORABLE THOMAS W. GILLEN, AS MAYOR OF
CITY OF OSWEGO, BRANCH DEVELOPMENT OSWEGO, LLC,
CHRIS A. LABARGE AND STEVEN W. THOMAS,
DEFENDANTS-RESPONDENTS.

---

THE STEELE LAW FIRM, P.C., OSWEGO (KIMBERLY A. STEELE OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

GOGICK, BYRNE & O'NEILL, LLP, NEW YORK CITY (MICHAEL J. BYRNE OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS CITY OF OSWEGO, COMMON COUNCIL OF
CITY OF OSWEGO AND HONORABLE THOMAS W. GILLEN, AS MAYOR OF
CITY OF OSWEGO.

HISCOCK & BARCLAY, LLP, SYRACUSE (MARK WHITFORD OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS BRANCH DEVELOPMENT OSWEGO, LLC, CHRIS A.
LABARGE AND STEVEN W. THOMAS.

---

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered November 27, 2012. The judgment granted the motions of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the provision dismissing the complaint and granting judgment in favor of defendants as follows:

It is ADJUDGED and DECLARED that the rezoning amendment is valid,

and as modified the judgment is affirmed without costs.

Memorandum: In this declaratory judgment action challenging the rezoning of property in defendant City of Oswego (City) to accommodate the construction of a hotel, plaintiffs appeal from a judgment granting defendants' motions for summary judgment dismissing the

complaint.  We conclude that, contrary to plaintiffs' contention, defendants established their entitlement to judgment and, in opposing the motion, plaintiffs failed to raise an issue of fact.  We note at the outset, however, that Supreme Court erred in "dismissing the complaint rather than declaring the rights of the parties" (*Alexander v New York Cent. Mut.*, 96 AD3d 1457, 1457, citing *Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954), and we therefore modify the judgment accordingly.

It is well settled that a zoning amendment enjoys a "strong presumption of validity" (*Morgan v Town of W. Bloomfield*, 295 AD2d 902, 903; *Matter of Rayle v Town of Cato Bd.*, 295 AD2d 978, 978), and the decision of defendant Common Council of the City to amend the zoning ordinance should not be disturbed where, as here, the amendment is in accordance with the City's comprehensive plan (*see* General City Law § 28-a [12] [a]; *Asian Ams. for Equality v Koch*, 72 NY2d 121, 131).  Further, "[c]ompliance with the statutory requirement is measured . . . in light of the long-standing principle that one who challenges such a legislative act bears a heavy burden" (*Bergstol v Town of Monroe*, 15 AD3d 324, 325, *lv denied* 5 NY3d 701, citing *Matter of Town of Bedford v Village of Mount Kisco*, 33 NY2d 178, 186, *rearg denied* 34 NY2d 668).  " 'If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control' " (*Shepard v Village of Skaneateles*, 300 NY 115, 118, quoting *Village of Euclid v Ambler Realty Co.*, 272 US 365, 388; *see De Sena v Gulde*, 24 AD2d 165, 169).  "Thus, where the plaintiff fails to establish a clear conflict with the comprehensive plan, the zoning classification must be upheld" (*Bergstol*, 15 AD3d at 325; *see Infinity Consulting Group, Inc. v Town of Huntington*, 49 AD3d 813, 814, *appeal dismissed* 11 NY3d 781, *reconsideration denied* 11 NY3d 852).

Here, defendants established not only that the rezoning of the subject property was consistent with the City's 2020 Vision Plan, but they also established that the B-1 classification for that property conformed more closely to the comprehensive plan than the existing R-3 designation.  The subject property falls within the area designated "Highway Commercial" in the "Future Land Use Map," which provides "a visual depiction of the community's vision for Oswego's future," and plaintiffs do not dispute that a hotel would be an appropriate use in that proposed zone.  In addition, defendants presented evidence that the rezoning application underwent a thorough review, including consideration by the Common Council's Planning and Development Committee, the City Planning Board, and the County Planning Department before the Common Council acted on the revised petition (*see Little Joseph Realty, Inc. v Town Bd. of Town of Babylon*, 52 AD3d 478, 479, *lv denied* 11 NY3d 706; *Matter of Save Our Forest Action Coalition v City of Kingston*, 246 AD2d 217, 222).

The conclusion that the rezoning is consistent with the comprehensive plan leads to the further conclusions that the rezoning does not amount to impermissible spot zoning (*see Little Joseph Realty, Inc.*, 52 AD3d at 479; *Rayle*, 295 AD2d at 979-980; *see also*

*Infinity Consulting Group, Inc.*, 49 AD3d at 814), and that it was reasonably related to a legitimate governmental purpose, i.e., furtherance of the City's planned development, and is thus constitutional (*see Asian Ams. For Equality*, 72 NY2d at 131-132; *see also Elstein v Board of Trustees of Vil. of Skaneateles*, 184 AD2d 1079, 1079-1080).

We reject plaintiffs' further contention that the Common Council acted in an arbitrary and capricious manner when it initially denied the rezoning petition and then, at its next meeting, granted the rezoning petition.  In support of their contention, plaintiffs mistakenly rely on cases holding that "[a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reasons for reaching a different result on essentially the same facts is arbitrary and capricious . . . and mandates reversal, even if there may otherwise be evidence in the record sufficient to support the determination" (*Matter of c/o Hamptons, LLC v Zoning Bd. of Appeals of Inc. Vil. of E. Hampton*, 98 AD3d 738, 739 [internal quotation marks omitted]).  Here, the challenged action of the Common Council was that of a legislative rather than an administrative body, and "[n]o showing of a change of circumstances must be made for a legislative body to rezone property" (*Blumberg v City of Yonkers*, 41 AD2d 300, 305, *appeal dismissed* 32 NY2d 896, *lv denied* 33 NY2d 514, citing *Levitt v Incorporated Vil. of Sands Point*, 6 AD2d 701, *affd* 6 NY2d 269).  In any event, defendants offered a plausible explanation for the change in vote by one of the Common Council members.

Finally, the record demonstrates that there was substantial and sufficient compliance of the Common Council with its own procedural requirements, and plaintiffs' contentions to the contrary are " 'technical at best' " and do not warrant invalidating the rezoning decision (*Alscot Inv. Corp. v Laibach*, 65 NY2d 1042, 1045).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court