Matter of Frontier Stone, LLC v Town of Shelby (2019 NY Slip Op 05852)





Matter of Frontier Stone, LLC v Town of Shelby


2019 NY Slip Op 05852


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


162 CA 18-01316

[*1]IN THE MATTER OF FRONTIER STONE, LLC, ZELAZNY FAMILY ENTERPRISES, LLC, JAMES J. ZELAZNY, ROBERT W. KWANDRANS, AND DAVID KRUG, PETITIONERS-PLAINTIFFS-APPELLANTS,
v
TOWN OF SHELBY, TOWN BOARD OF TOWN OF SHELBY, AND TOWN OF SHELBY PLANNING BOARD, RESPONDENTS-DEFENDANTS-RESPONDENTS. 






BROWN DUKE & FOGEL, P.C., SYRACUSE (GREGORY M. BROWN OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS. 
HODGSON RUSS LLP, BUFFALO (CHARLES W. MALCOMB OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Orleans County (Tracey A. Bannister, J.), entered February 8, 2018 in a CPLR article 78 proceeding and declaratory judgment action. The judgment dismissed the petition-complaint in its entirety. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reinstating the petition-complaint to the extent that it seeks a declaration and granting judgment in favor of respondents-defendants as follows:
It is ADJUDGED AND DECLARED that Local Law No. 3 of 2017 of the Town of Shelby is valid,
and as modified the judgment is affirmed without costs.
Memorandum: Petitioners-plaintiffs (petitioners) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to declare invalid Local Law No. 3 of 2017 (2017 Law) of respondent-defendant Town of Shelby (Town), which created a wildlife refuge overlay district within the Town, and to annul the negative declaration issued by respondent-defendant Town Board of Town of Shelby (Town Board) under the State Environmental Quality Review Act ([SEQRA] ECL art 8) with respect to the 2017 Law. Respondents-defendants filed an answer seeking dismissal of the petition-complaint (petition). Following oral argument, Supreme Court dismissed the petition, and petitioners now appeal.
We note at the outset that, inasmuch as petitioners sought declaratory relief, the court erred in dismissing the petition without declaring the rights of the parties (see generally Restuccio v City of Oswego, 114 AD3d 1191, 1191 [4th Dept 2014]), and we therefore modify the judgment accordingly. We otherwise affirm.
In March 2006, petitioner-plaintiff Frontier Stone, LLC applied for a mining permit for a proposed stone quarry in an agricultural/residential (AR) zoning district in the Town. Shortly thereafter, the Town Board adopted a moratorium on processing special permit applications for mining and excavation projects. The Town Board then adopted Local Law No. 5 of 2007 (2007 Law), which effectively removed excavation and mining from the list of conditional uses in the Town's AR zoning district. The 2007 Law also provided that certain large mining operations [*2]could occur only: (1) in a newly formed mining/excavation (ME) overlay district; (2) with a special use permit; (3) within an industrial district; and (4) pursuant to an approved site plan.
Later, the Town Board proposed Local Law No. 2 of 2016 (2016 Law), which would create a wildlife refuge overlay district (overlay district) covering both the Iroquois National Wildlife Refuge (INWR) and a buffer area of nearby land that included the land on which the project site is located, and which would prohibit mining and excavation therein. The proposed 2016 Law was not adopted but, on June 19, 2017, the Town Board issued a negative declaration for a proposed new law, i.e., the 2017 Law. In issuing the negative declaration, the Town Board determined that the 2017 Law would not have a significant adverse environmental impact. The 2017 Law proposed to amend the 2016 Law "to limit the impact area necessary to protect the refuge by reducing the size of the buffer from 3000 to 2000 feet." The buffer area, however, still included the land on which the project site is located. The Town Board adopted the 2017 Law, which defined the overlay district as including the INWR and the reduced buffer area, and which prohibited mining within the overlay district.
Petitioners initially contend that the 2017 Law conflicts with the Town's comprehensive plan, and thus the Town Board lacked authority to adopt it. We reject that contention. " If the validity of the legislative classification for zoning purposes [is] fairly debatable, the legislative judgment must be allowed to control . . . Thus, where the [parties challenging the zoning classification] fail[] to establish a clear conflict with the comprehensive plan, the zoning classification must be upheld' " (Matter of Ferraro v Town Bd. of Town of Amherst, 79 AD3d 1691, 1694 [4th Dept 2010], lv denied 16 NY3d 711 [2011]; see Restuccio, 114 AD3d at 1191-1192; Bergstol v Town of Monroe, 15 AD3d 324, 325 [2d Dept 2005], lv denied 5 NY3d 701 [2005]). Here, the 2007 Law, which the parties agree was made part of the Town's comprehensive plan, effectively banned mining in the AR district in which the project site is located. Moreover, no industrial zones were present within the overlay district created by the 2017 Law. Thus, we conclude that petitioners failed to establish a clear conflict between the 2017 Law and the Town's comprehensive plan.
Contrary to petitioners' further contention, we conclude that, in issuing its negative declaration, the Town Board properly "identified the relevant areas of environmental concern as related to the proposed action, took the requisite hard look' at them and . . . set forth a reasoned elaboration of the basis for its determination" (Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 689-690 [1996]; see Matter of Wells v Board of Trustees of Inc. Vil. of Northport, 40 AD3d 652, 653 [2d Dept 2007]). In particular, the Town Board made specific findings about the need to preserve and protect the INWR and its unique wildlife habitat, and the Town Board clarified that the new overlay district would not authorize any development, but would rather restrict land uses to protect the environment. Moreover, the record reflects that the Town Board considered the potential effects of the 2017 Law and rationally concluded that the law would have no significant adverse environmental impacts. Although petitioners contend that the Town Board erred by failing to take into consideration the potential beneficial impact of their proposed quarry on water levels in the overlay district, especially in light of the presumed effects of climate change, we reject that contention. The Town Board had the discretion to select the environmental impacts most relevant to its determination and to overlook those "of doubtful relevance" (Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 308 [2009]; see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]; Matter of Gabrielli v Town of New Paltz, 116 AD3d 1315, 1318 [3d Dept 2014]).
We further reject petitioners' contention that the 2017 Law is preempted by the New York State Mined Land Reclamation Law ([MLRL] ECL 23-2701 et seq.). "[T]he MLRL does not preempt [a] [t]own's authority to determine that mining should not be a permitted use of land within the [t]own, and to enact amendments to the local zoning ordinance in accordance with that determination" (Gernatt Asphalt Prods., 87 NY2d at 683). However, "[w]hile a locality retains general authority to regulate land use, and has the authority to determine that mining will not be a use within its confines, it may not regulate the specifics of the extractive mining or reclamation process" (Philipstown Indus. Park v Town Bd. of Town of Philipstown, 247 AD2d 525, 527-528 [2d Dept 1998]). Here, because the 2017 Law prohibits mining in a certain portion of the Town and does not affect the process or method of mining, it is not preempted by the MLRL.
Petitioners additionally contend that the Town's determination enacting the 2017 Law [*3]must be annulled because the Town failed to comply with lawful procedure. We reject that contention. Initially, inasmuch as the 2017 Law was enacted pursuant to the Municipal Home Rule Law, the procedural requirements of the Town Law do not apply to its enactment (see Matter of Dalrymple Gravel & Contr. Co. v Town of Erwin, 305 AD2d 1036, 1037 [4th Dept 2003]). Petitioners' contention that the Town's Zoning Code (Code) requires notice to adjoining counties was raised for the first time in their reply brief and is therefore not properly before us (see O'Sullivan v O'Sullivan, 206 AD2d 960, 960-961 [4th Dept 1994]). Furthermore, we conclude that, under the circumstances, the Town Board satisfied the applicable requirements in the Municipal Home Rule Law and the Code regarding the holding of a public hearing and referral to respondent-defendant Town of Shelby Planning Board (Planning Board) (see Municipal Home Rule Law § 20 [5]; Code § 112 [C]) through the public hearing and Planning Board referral carried out in connection with the proposed 2016 Law (see Gernatt Asphalt Prods., 87 NY2d at 678-679; Matter of Benson Point Realty Corp. v Town of E. Hampton, 62 AD3d 989, 991-992 [2d Dept 2009], lv dismissed 13 NY3d 788 [2009]). The changes between the proposed 2016 Law and the 2017 Law were minor and did not result in a substantially different law or one that was not "embraced within the [prior] public notice" (Gernatt Asphalt Prods., 87 NY2d at 679; see Lighthouse Shores v Town of Islip, 41 NY2d 7, 10-11 [1976]; Benson Point Realty Corp., 62 AD3d at 991; Caruso v Town of Oyster Bay, 250 AD2d 639, 640 [2d Dept 1998]; cf. Matter of Calverton Manor, LLC v Town of Riverhead, 160 AD3d 842, 844-845 [2d Dept 2018]), and the Planning Board was "clearly notified" of the effect of the proposed 2016 Law (Gernatt Asphalt Prods., 87 NY2d at 680).
We have reviewed petitioners' remaining contentions and conclude that none requires further modification or reversal of the judgment.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court