Jasen, J.
On December 12, 1971, the Town Board of Brook-haven approved the application of defendant William Johnson for a zoning change from "B-l” Residence (single-family dwelling) to "MF-2” Residence (multiple-family dwelling) for a 24-acre parcel located in East Patchogue. Thereafter, plaintiff John Randolph, whose residence is located near the subject parcel, commenced this action to declare the change in zoning void. The Supreme Court granted plaintiff’s requested relief, adjudging the amendment to be "arbitrary, unreasonable, illegal, discriminatory, unconstitutional and void in all respects”, and permanently enjoined all defendants from erecting any structures or developing the parcel except as permit *546 ted by the "B-l” zoning classification. The Appellate Division reversed, on the law and the facts, and held the subject zoning amendment lawful and constitutional.
The subject parcel is roughly rectangular in shape, lying south of Sunrise Highway, east of Robinson Avenue and west of Brookhaven Hospital Road. Three arms reach out from the rectangle, giving the parcel a 76-foot frontage on the southerly service road of Sunrise Highway, a 75-foot frontage on Brook-haven Hospital Road, and a 50-foot frontage on Foxcroft Lane on the south. The western side of the parcel is totally landlocked, having no frontage on Robinson Avenue. The parcel is surrounded by a variety of zoning classifications. Northwest of the parcel and contiguous with it is an 80-unit garden apartment facility. Immediately south of the parcel is a water pumping station. Nearby, on the opposite side of Brookhaven Hospital Road, stands a 300-bed hospital for which more expansion is planned. The northwest corner of the hospital site (at the intersection of Sunrise Highway and Brookhaven Hospital Road) is zoned for a gasoline filling station. The remaining property surrounding the parcel, although not fully developed, is zoned "B-l”, which is principally restricted to single-family residences with minimum lot sizes of 22,500 square feet, slightly larger than one-half acre. A map prepared on August 18, 1971, less than four months before this zoning change, indicates that no single-family homes lie to the north of defendant’s parcel, between it and Sunrise Highway; that, two homes, both fronting on Brookhaven Hospital Road, lie to the west of the parcel, between it and Brookhaven Hospital Road; that 11 homes lie between the parcel and Robinson Avenue; that six homes front on Foxcroft Lane, south of this parcel; and that four homes front on Andreano Avenue, and 11 on Neptune Avenue, two streets which dead-end into the southern edge of defendant’s parcel. This map also shows that at least 30 more lots have been laid out on Foxcroft, Andreano, Neptune and Exeter Road, a short street connecting Andreano and Neptune. Automotive traffic would enter and leave defendant’s parcel by one of two routes, either by way of Brookhaven Hospital Road directly, or by way of Foxcroft to Robinson Avenue.* This second route would take *547 traffic past only two homes fronting on Foxcroft. One of these is plaintiffs residence.
The issue on this appeal is whether this zoning amendment was made "in accordance with a comprehensive plan” as required by section 263 of the Town Law. Although the term "comprehensive plan” has eluded definition by our courts, the rule is clear that the "comprehensive plan” is to be found by examining all the relevant evidence. (Udell v Haas, 21 NY2d 463, 471.) In this case the existing pattern of zoning, as evidenced by the zoning ordinance and the zoning map, is most relevant. From the zoning map contained in the record, it appears that one aspect of this pattern has been to protect the single-family residential areas east of Medford Avenue (a north-south thoroughfare located more than a mile west of the subject parcel) from Sunrise Highway by a barrier of principally business and commercial establishments. The subject parcel had been one exception to that apparent design as the existing zoning would have permitted the construction of single-family homes up to Sunrise Highway without any intervening barrier. Upon this application for a zoning change, the town board found that this would be an undesirable result, and articulated its view that this amendment permitting medium density multiple-family dwellings "would represent [an] excellent transitional between Sunrise Highway and [the] hospital and [the] residential area.” Thus, by permitting multiple-family dwellings on defendant’s parcel to serve as a transitional area, the town board has acted in a manner consistent with its past practices relative to areas adjacent to this portion of Sunrise Highway.
Hence, we conclude that "forethought has been given to the community’s land use problems” and that defendant has made an adequate "showing that the change does not conflict with the community’s basic scheme for land use.” (Udell v Haas, 21 NY2d 463, 470, supra.) As we indicated in Matter of Town of Bedford v Village of Mount Kisco (33 NY2d 178, 188), "[w]hat is mandated is that there be comprehensiveness of planning, rather than special interest, irrational ad hocery. ” Here, a sufficient degree of comprehensiveness of planning in this regard has been demonstrated and we find this amendment in conformity with such planning.
Accordingly, we would affirm the order of the Appellate Division.
*548 Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs.

 One condition imposed by the board was that there would be no access to either Andreano Avenue or Neptune Avenue. It is unclear from the record whether traffic could enter the Sunrise Highway service road from defendant’s property.