■ In the Matter of RICHARD DANIELS et al., Appellants, v MICHAEL VAN VORIS et al., as Members of the Town Board of the Town of East Greenbush, Rensselaer County, et al., Respondents. [660 NYS2d 758] —White, J. P. Appeal from a judgment of the Supreme Court (Hughes, J.), entered July 17, 1996 in Rensselaer County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, *inter alia*, granted respondents' cross motion for summary judgment.

The focus of this combined CPLR article 78 proceeding and declaratory judgment action is an amendment to the Town of East Greenbush's zoning ordinance enacted by the Town Board in October 1994 involving 90 acres of mostly undeveloped land located on Mannix Road near its intersection with State Route 4, which area is in proximity of Exit 9 of Interstate Route 90

(hereinafter I-90), the only interchange in the Town of East Greenbush, Rensselaer County. The Town's Comprehensive Development Plan (hereinafter CDP), adopted in February 1993, envisioned that these lands, situated east of I-90, would be in a low density residential zone while lands on Mannix Road west of I-90 would remain in a Corporate Office/Regional Commercial District. In July 1993, the Town Board proposed five amendments to the zoning ordinance. The one at issue here proposed to rezone the subject lands from Residential/Agricultural to Corporate Office/Regional Commercial. At the conclusion of the environmental review process mandated by the State Environmental Quality Review Act (ECL art 8), the Town Board approved the amendment placing a portion of the lands in a Corporate Office Only District and the remainder in a Corporate Office/Regional Commercial District.

Thereafter, petitioners, owners of property on or near the subject lands, commenced this litigation alleging four causes of action predicated upon the Town Board's alleged failure to comply with SEQRA and two declaratory judgment causes of action premised upon claimed violations of Town Law §§ 261 and 263. After issue was joined, petitioners moved for summary judgment but withdrew that motion, moving instead for leave to pursue discovery with respect to their declaratory judgment causes of action. Respondents, in turn, cross-moved for summary judgment dismissing the petition/complaint. In a comprehensive decision, Supreme Court turned aside petitioners' challenges to the amendment and granted respondents' cross motion. Petitioners appeal.*

Initially, petitioners' argument that respondents' cross motion was defective in that it was not supported by a copy of their answer is belied by the recitation in Supreme Court's judgment that the answer was among the papers it read and filed in this matter.

Turning to petitioners' substantive arguments, they claim that the Town Board violated Town Law § 263 since the amendment was not in accord with the CDP. The purpose of this statute's requirement that zoning regulations conform to a comprehensive plan is to guard against ad hoc zoning legislation affecting the land of a few without proper regard to the needs or design of the community as a whole (*see*, *Matter of*

---

* Petitioners' brief is limited to Supreme Court's dismissal of their declaratory judgment causes of action and denial of their discovery motion. Therefore, they have waived any arguments concerning the dismissal of the CPLR article 78 proceeding causes of action (*see*, *Gibeault v Home Ins. Co.*, 221 AD2d 826, 827, n 2).

*Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 685). When there is a claimed violation of this statute, the court must determine whether the original comprehensive plan required amendment because of the community's change and growth and whether the amendment is calculated to benefit the community as a whole as opposed to benefiting individuals or a group of individuals (*see, Asian Ams. for Equality v Koch*, 72 NY2d 121, 131). This later factor has particular import here because approximately 32 acres of the rezoned parcel is owned by Goldstein Enterprises, Inc., an automobile dealership.

The impetus for the challenged amendment was the opening of I-90 and the Exit 9 interchange which greatly improved accessibility to the Town from adjacent urban areas. This resulted in the establishment of corporate offices and several manufacturing and research facilities in various areas of the Town, including on that portion of Mannix Road west of I-90. These circumstances led the Town Board to conclude that the Corporate Office/Regional Commercial District should be extended to the subject lands which are contiguous to the Exit 9 interchange. The Board was further influenced by the Rensselaer County Master Plan which recommended that municipalities along the I-90 corridor should make provisions in their land use regulations for commercial and light industrial uses in the land surrounding the interchanges.

While petitioners sharply disagree with the Board's rationale, they have not met their heavy burden of overcoming the strong presumption of validity that attaches to zoning amendments with proof that the amendment is unreasonable and arbitrary (*see, Matter of Town of Bedford v Village of Mount Kisco*, 33 NY2d 178, 186). We reach this conclusion because petitioners have not shown that the Town Board so deviated from the CDP that the plan's original intention that lands east of I-90 would be included in a low density residential district is negated (*see, Tilles Inv. Co. v Town of Huntington*, 74 NY2d 885, 887). Significantly, the lands affected by the amendment are unsuitable for residential development because of noise and aesthetics (Rensselaer County Master Plan, at 27). Moreover, the amendment was the product of considerable study and advances the legitimate governmental interest of promoting commercial development which is a benefit to the entire community. In light of our analysis establishing that the Town Board's action reflected a sufficient degree of comprehensiveness of planning, Supreme Court's dismissal of this cause of action was proper (*see, Randolph v Town of Brookhaven*, 37 NY2d 544, 547).

Petitioners next argue that the amendment contravenes Town Law § 261 as it constitutes spot zoning, which is defined as the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area for the benefit of the owner of said property to the detriment of other owners (*see, Rodgers v Village of Tarrytown*, 302 NY 115, 123). Although a number of factors are relevant in ascertaining whether a zoning amendment fits within this definition (*see*, 1 Anderson, New York Zoning Law and Practice § 5:04, at 165-166 [3d ed]), the ultimate test is whether the change is other than part of a well-considered and comprehensive plan calculated to serve the general welfare of the community (*see, Collard v Incorporated Vil. of Flower Hill*, 52 NY2d 594, 600). In light of our determination that the amendment benefits the community and as there is no record support for petitioners' contention that the amendment was enacted to benefit Goldstein Enterprises, we agree with Supreme Court that plaintiffs' cause of action founded upon Town Law § 261 lacks merit.

Lastly, our determination makes it unnecessary for us to consider petitioners' appeal from Supreme Court's judgment denying their discovery motion.

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.