■ REGINA BOYLES et al., Appellants, v TOWN BOARD OF THE TOWN OF BETHLEHEM, Respondent. In the Matter of REGINA BOYLES et al., Appellants, v TOWN BOARD OF THE TOWN OF BETHLEHEM, Respondent. [718 NYS2d 430] —Crew III, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered December 8, 1999, which, *inter alia*, (1) granted defendant's motion for summary judgment dismissing the complaint, and (2) dismissed petitioners' application, converted from an action to a proceeding pursuant to CPLR article 78, to review a determination of respondent granting building approval to CMI Senior Housing and Health Care, Inc. without reopening review under the State Environmental Quality Review Act.

In April 1997, CMI Senior Housing and Health Care, Inc. submitted an application to the Town Board of the Town of Bethlehem to rezone a 6.7-acre parcel of land located at 467 Delaware Avenue in the Town of Bethlehem, Albany County. Specifically, CMI sought to rezone the parcel in question from "residence A" to a "planned commercial district" to facilitate its development of an assisted-living residence for senior citizens at that location. The Town Board, acting as lead agency for purposes of review under the State Environmental Quality

Review Act (ECL art 8) (hereinafter SEQRA), referred CMI's application to the Town Planning Board for a recommendation as to a determination of significance under SEQRA and the proposed zoning change.

Between June 1997 and June 1998, the Planning Board met on numerous occasions to consider the specifics of CMI's proposal. During these discussions, CMI agreed to scale down its proposal, reducing the number of units proposed from 107 to 94, and submitted revised architectural renderings. After reviewing the various submissions, the Planning Board voted at its June 2, 1998 meeting to recommend that the property be rezoned from residence A to a planned commercial district and that a conditioned negative declaration be issued. Although various conditions were attached to the Planning Board's recommendation, the most significant, insofar as is relevant to this appeal, conditioned the rezoning upon limiting future use of the site to an assisted-living residence for senior citizens as proposed by CMI. This particular condition was put in place to alleviate concerns that such rezoning could permit various "undesirable" uses at that location, i.e., strip malls, should the CMI proposal fail to come to fruition.

The Town Board subsequently adopted the Planning Board's recommendation, issued a conditioned negative declaration pursuant to SEQRA and, after holding a public hearing, adopted Local Laws, 1998, No. 8 of the Town of Bethlehem rezoning the property to a planned commercial district. CMI thereafter submitted its application for building project approval and, in accordance with established procedure, the Town Board again referred the application to the Planning Board for consideration. Following a public hearing and the submission of various materials addressing, *inter alia*, parking and traffic issues, the Planning Board recommended approval of the facility which, after due consideration, the Town Board granted in March 1999.

In the interim, in November 1998, plaintiffs commenced an action against the Town Board seeking to declare Local Law No. 8 void. Following the Town Board's decision to grant building project approval in March 1999, plaintiffs commenced a separate action challenging such approval. The Town Board answered and thereafter moved to join the actions pursuant to CPLR 601 (a), to convert the second action to a proceeding pursuant to CPLR article 78 and for summary judgment dismissing both actions. Plaintiffs opposed only that portion of the Town Board's motion seeking summary judgment, contending that the subject rezoning constituted "spot zoning" and, fur-

ther, that additional review under SEQRA was required. Supreme Court granted the Town Board's motion in its entirety, prompting this appeal by plaintiffs.

We affirm. We begin by restating the well-settled principle that "zoning determinations enjoy a strong presumption of validity, which can only be overcome by a showing that the decision to rezone was unreasonable and arbitrary" (*Matter of Save Our Forest Action Coalition v City of Kingston*, 246 AD2d 217, 221; *see, Matter of McGrath v Town Bd.*, 254 AD2d 614, 617, *lv denied* 93 NY2d 803). To that end, the burden rests on the party attacking the decision to overcome such presumption beyond a reasonable doubt (*see, Asian Ams. for Equality v Koch*, 72 NY2d 121, 131).

Here, plaintiffs contend that the Town Board engaged in illegal "spot zoning," which has been defined as "the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area for the benefit of the owner of said property to the detriment of other owners" (*Matter of Daniels v Van Voris*, 241 AD2d 796, 799). In evaluating a claim of spot zoning, this Court may consider a number of factors, "including whether the rezoning is consistent with a comprehensive land use plan, whether it is compatible with surrounding uses, the likelihood of harm to surrounding properties, the availability and suitability of other parcels, and the recommendations of professional planning staff" (*Matter of Save Our Forest Action Coalition v City of Kingston, supra*, at 221). Ultimately, however, the inquiry distills to "whether the change is other than part of a well-considered and comprehensive plan calculated to serve the general welfare of the community" (*Matter of Daniels v Van Voris, supra*, at 799).

Applying these principles to the matter before us, it is readily apparent that the Town Board's adoption of Local Law No. 8 did not constitute illegal spot zoning. Although the size of the subject parcel (6.7 acres) indeed represents a very small portion of the surrounding parcels zoned residence A, the size of the parcel alone is not determinative. With respect to the issue of surrounding land use, the record reveals a mix of one and two-family residences and apartment complexes in the area, in addition to the Town Hall and Town Library. In an effort to minimize the likelihood of harm to the surrounding properties, CMI scaled down its initial proposal and made various changes to its architectural renderings. Additionally, as noted previously, the rezoning change was conditioned upon a restriction as to the future use of the site. The record further reveals that alternative sites were considered and rejected (and adequately

sets forth the reasons therefor), while demographic studies and citizen comments demonstrate a need for the facility in the community. Finally, while the subject rezoning certainly benefits CMI, there can be no doubt that the community at large benefits as well. In short, we are of the view that the Town Board's decision to rezone the parcel in question is part of, and consistent with, a comprehensive plan (as gleaned from the Town's zoning code, map and Land Use Management Advisory Committee plan) to serve the general welfare of the community. Accordingly, Supreme Court properly granted the Town Board's motion for summary judgment dismissing the complaint.

We reach a similar conclusion with respect to the dismissal of the converted CPLR article 78 proceeding challenging, *inter alia*, the Town Board's decision to grant building project approval without reopening SEQRA review. As a general proposition, judicial review of an agency's SEQRA determination is limited to whether the agency identified the relevant areas of environmental concern, took the requisite " 'hard look' " at such areas and, finally, made a " 'reasoned elaboration' " as to the basis for its determination (*see, Matter of Hoffman v Town Bd.*, 255 AD2d 752, 753, *lv denied* 93 NY2d 803). As applied to the matter before us, a lead agency may, at its discretion, amend a negative declaration where, *inter alia*, substantive changes are proposed for the project or substantive, new information is discovered and no significant adverse environmental impacts will occur (*see,* 6 NYCRR 617.7 [e]). Although there was a change to the project with respect to a secondary means of accessing the proposed facility and additional traffic concerns were raised, we cannot say, based upon our review of the record as a whole, that the Town Board failed to take a "hard look" at the relevant concerns and/or abused its discretion in declining to reopen SEQRA review and amend the negative declaration. Accordingly, we are of the view that Supreme Court's dismissal of this proceeding was entirely proper. Plaintiffs' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Rose and Lahtinen, JJ., concur; Cardona, P. J., not taking part. Ordered that the judgment is affirmed, without costs.