■ HENDERSON TAXPAYERS ASSOCIATION et al., Appellants, v TOWN OF HENDERSON et al., Respondents. [723 NYS2d 786] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action seeking a declaration that Local Law No. 1 of 1999 (Local Law), enacted by defendant Town of Henderson (Town), is invalid. In enacting the Local Law, the Town changed the zoning of Association Island from an Island District to a Planned Development District.

The Local Law provided that it was adopted pursuant to the Town's supersession authority under Municipal Home Rule Law and "to the extent that any procedural or substantive portions of this Law are inconsistent therewith, the provisions of * * * the Town Law including, but not limited to, Section[s] 263, 264, 265 and 274-a thereof, are hereby superseded by the substantive and procedural aspects of this Law."

Supreme Court properly denied plaintiffs' motion for summary judgment and granted the Town's cross motion for summary judgment declaring the Local Law valid and enforceable. Plaintiffs contend that the Local Law does not supersede Town Law § 263 and is in violation of section 263 because it does not comply with the specificity requirements of Municipal Home Rule Law § 22 (1). We disagree. Municipal Home Rule Law § 22 (1) provides that, in order to supersede a State statute or prior local law or ordinance, a local law "shall specify the chapter or local law or ordinance, number and year of enactment, section, subsection or subdivision, which it is intended to change or supersede." That statute further provides, however, that "the failure so to specify shall not affect the validity of such local law" (Municipal Home Rule Law § 22 [1]). So long as there is "substantial adherence to the statutory methods to evidence a legislative intent to amend or supersede," a local law will be upheld (*Turnpike Woods v Town of Stony Point*, 70 NY2d 735, 737; *see, Kamhi v Town of Yorktown*, 74 NY2d 423, 434-435). Here, there was substantial adherence to the statutory methods because the Local Law expressly states that it was intended to supersede Town Law § 263. Thus, "there can be no reasonable doubt" that the Local Law was intended to supersede that statute (*Miller v City of Albany*, 278 AD2d 647, 648). In view of our determination, we need not address whether the Local Law violated that statute.

We further reject plaintiffs' contention that the Local Law constitutes impermissible spot zoning. Spot zoning is " 'the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owner of such property and to the detriment of other owners' " (*Dauernheim, Inc. v Town Bd.*, 33 NY2d 468, 472-473, quoting *Rodgers v Village of Tarrytown*, 302 NY 115, 123). The ultimate inquiry in determining whether the Local Law constitutes spot zoning is " 'whether the change is other than part of a well-considered and comprehensive plan calculated to serve the general welfare of the community' " (*Boyles v Town Bd.*, 278 AD2d 688, 690, quoting *Matter of*

*Daniels v Van Voris,* 241 AD2d 796, 799). Here, the Local Law changing the zoning of Association Island was part of a well-considered and comprehensive plan to serve the general welfare of the Town. (Appeal from Judgment of Supreme Court, Jefferson County, McCarthy, J.—Declaratory Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.