■ PORT CHESTER POLICE ASSOCIATION, INC., et al., Respondents, v VILLAGE OF PORT CHESTER et al., Appellants. [736 NYS2d 907] —In an action, inter alia, for a judgment declaring that certain disciplinary charges brought against the plaintiff Peter Cammarota were time-barred pursuant to McKinney's Unconsolidated Laws of NY § 5711-q (9), the defendants appeal from an order of the Supreme Court, Westchester County (Cowhey, J.), entered October 23, 2000, which granted the plaintiffs' motion for summary judgment and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment.

A local government's "authority * * * to supersede" a state statute with inconsistent local legislation "can be exercised only upon substantial adherence to the procedures set forth in Municipal Home Rule Law § 22 (1)" (*Kamhi v Town of Yorktown,* 74 NY2d 423, 434). However, a reading of the entire text of the local legislation, on which the defendants rely in support of their position that the disciplinary charges were timely brought, reveals that it is impossible to determine with reasonable certainty whether any portion of McKinney's Unconsolidated Laws of NY § 5711-q was intended to be superseded (*compare, Turnpike Woods v Town of Stony Point,* 70 NY2d 735, 738, *with Henderson Taxpayers Assn. v Town of Henderson,* 283 AD2d 940). Therefore, supersession cannot be found

(see, ILC Data Device Corp. v County of Suffolk, 182 AD2d 293, 299). Accordingly, the Supreme Court correctly determined that the statute of limitations in the Civil Service Law, to which the local legislation referred, did not govern, and that the charges were brought in an untimely manner.

Since this is a declaratory judgment action, the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901).

The defendants' remaining contentions are without merit. Florio, J.P., Smith, McGinity and Crane, JJ., concur.