■■ In the Matter of DAVID RAYLE et al., Respondents, v TOWN OF CATO BOARD, Appellant. [743 NYS2d 784] —Appeal from a judgment of Supreme Court, Cayuga County (Corning, J.), entered on August 23, 2001, which granted the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of respondent granting the application of Addison C. and Marjorie I. Sheckler for rezoning of five acres of their property as a Planned Development District (PDD). Petitioners allege that the determination is not based on a comprehensive land use plan, constitutes illegal spot zoning and is arbitrary and capricious. We conclude that Supreme Court erred in granting the petition.

"[Z]oning determinations enjoy a strong presumption of validity, which can only be overcome by a showing that the decision to rezone was unreasonable and arbitrary" (*Matter of Save Our Forest Action Coalition v City of Kingston,* 246 AD2d 217, 221; *see Matter of Boyles v Town Bd. of Town of Bethlehem,* 278 AD2d 688, 690; *see also Pyne v Knaisch,* 159 AD2d 999, 1000). "[T]he burden rests on the party attacking them to overcome that presumption beyond a reasonable doubt" (*Asian*

*Ams. for Equality v Koch*, 72 NY2d 121, 131; *see Boyles*, 278 AD2d at 690), and here petitioners failed to meet their burden.

"The power to zone is derived from the Legislature and must be exercised in the case of towns * * * in accord with a 'comprehensive plan'" (*Asian Ams. for Equality*, 72 NY2d at 131; *see* Town Law § 263). "A comprehensive plan has as its underlying purpose the control of land uses for the benefit of the whole community based upon consideration of its problems and applying the enactment or a general policy to obtain a uniform result" (*Kravetz v Plenge*, 84 AD2d 422, 429; *see Asian Ams. for Equality*, 72 NY2d at 131). The "plan need not be contained in a single document; indeed, it need not be written at all. The court may satisfy itself that the municipality has a well-considered plan and that authorities are acting in the public interest to further it by examining all available and relevant evidence of the municipality's land use policies" (*Asian Ams. for Equality*, 72 NY2d at 131; *see Udell v Haas*, 21 NY2d 463, 471-472).

Contrary to petitioners' contention, respondent's determination is based on a comprehensive land use plan. The Town of Cato (Town) enacted specific legislation to allow PDDs based on its recognition that there was a need for "flexible land use" and its desire "to encourage maximum efficiency in development" (Code of Town of Cato § 76-10 [A]). Respondent was initially presented with a handwritten letter requesting a PDD and referred the matter to the Town Planning Board (Planning Board). Members of the Planning Board visited the site and followed all of the requisite procedures in reviewing the detailed application subsequently submitted by the Shecklers. That application included all of the requisite forms and stated that the purpose of the PDD was to allow a local business to expand and thereby possibly create more jobs for local residents. The Planning Board recommended that respondent grant the application and, in granting the application, respondent imposed restrictions on the PDD to minimize aesthetic impacts.

Also contrary to petitioners' contention, the determination does not constitute illegal spot zoning. The ultimate test in determining whether a zoning determination constitutes spot zoning "is whether the change is other than part of a well-considered and comprehensive plan calculated to serve the general welfare of the community" (*Matter of Daniels v Van Voris*, 241 AD2d 796, 799; *see Henderson Taxpayers Assn. v Town of Henderson*, 283 AD2d 940, 941-942), and here the determination is part of a well-considered and comprehensive

plan to serve the general welfare of the Town. Finally, we conclude that petitioners failed to establish that the rezoning would have a detrimental effect on the property of the surrounding landowners and thus failed to meet their burden of establishing that the determination is arbitrary and capricious. Present—Pigott, Jr., P.J., Pine, Hayes, Wisner and Hurlbutt, JJ.