In the Matter of PAUL BAUMGARTEN et al., Appellants, v TOWN BOARD OF THE TOWN OF NORTHAMPTON et al., Respondents. (And Another Related Proceeding.) [826 NYS2d 811]—

Carpinello, J. Appeal from a judgment and an amended judgment of the Supreme Court (Krogmann, J.), entered April 22, 2005 and May 2, 2005 in Warren County, which dismissed petitioners' applications, in two proceedings pursuant to CPLR article 78, to, inter alia, review a determination of respondent Town Board of the Town of Northampton rezoning property owned by respondent Adirondack Escape, LLC from rural residential to planned unit development district.

Respondent Adirondack Escape, LLC submitted an application to respondent Town Board of the Town of Northampton to rezone an 18-acre parcel of property located in the Town of Northampton, Fulton County, from rural residential to a planned unit development district with the intention of constructing two buildings, each containing three rental units, and an accessory maintenance building to accommodate tourism in the area. In these related CPLR article 78 proceedings, petitioners allege that (1) the Town Board failed to comply with the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) when it passed an August 2004 resolution approving the project, (2) the Town Board failed to comply with Town Law § 133 when it passed a local law amending the town zoning map to reflect the change in zoning and (3) the Town Board's approval of the project and subsequent zoning amendment constituted illegal spot zoning. Upon our review of the record, we are unpersuaded by all three contentions. Accordingly, we affirm the judgments of Supreme Court dismissing both petitions.

We begin by noting that a planned unit development district is permitted under the Town's zoning ordinance provided numerous criteria are met, including minimum area requirements (i.e., not less than 10 acres), specified use requirements (including seasonal, residential developments), density requirements (not less than one half of an acre per dwelling unit) and coverage and open space requirements (building coverage cannot exceed 20% of the land area). Here, the Town Board, acting as lead agency under SEQRA, engaged in an extensive review process of the application seeking such rezoning.

It forwarded the application to eight different state and local agencies for review, including the Town Planning Board, the Fulton County Planning Board, the Department of Environmental Conservation, the Office of Parks, Recreation and Historic Preservation and the Adirondack Park Agency. Thereafter, the Fulton County Planning Board reviewed the application and recommended its approval. Following completion of an archeological study, the Office of Parks, Recreation and Historic Preservation also recommended its approval with the proviso that a 100-foot vegetative buffer be included. Such buffer, this agency opined, would eliminate any adverse impact upon buildings and structures in the area eligible for state and national registers. The Town Planning Board also ultimately recommended approval of the project.

In May 2004, the Town Board determined that the project would pose no significant environmental impact because there was sufficient acreage available to construct the buildings, there would be limited storm water runoff or sedimentation as a result of construction, there would be no major traffic impact from the project and the historic nature of the vicinity would be adequately preserved provided the recommendations of the Office of Parks, Recreation and Historic Preservation were followed. Thus, a negative declaration was issued. Numerous meetings and public hearings were conducted at which the Town Board received many oral and written comments regarding the project. These comments included the project's alleged negative impact on the character of this lakeside community and on historical sites and buildings in the area. Moreover, following the Town Board's approval of the project, additional public hearings were conducted concerning the proposed local law to amend the zoning map to reflect the planned development district.

Under these circumstances, we are unpersuaded by petitioners' claim that the Town Board failed to take the requisite "hard look" at the project before making a determination to approve it (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986] [internal quotation marks and citations omitted]) or that its determination was preordained. A primary objection to the project, and the only real concern continued to be advanced on appeal, was that it would adversely impact historical sites and structures in the area. As noted, however, the Office of Parks, Recreation and Historic Preservation expressly found that inclusion of a buffer zone would alleviate any adverse impact on possible historical structures in the area.

Next, the Town Board's decisions to approve the project and thereafter pass a local law to amend the zoning map were not

shown by petitioners to be arbitrary or unreasonable (*see e.g. Matter of Boyles v Town Bd. of Town of Bethlehem*, 278 AD2d 688, 690 [2000]; *Matter of Save Our Forest Action Coalition v City of Kingston*, 246 AD2d 217, 221 [1998]). Petitioners allege that the Town Board engaged in illegal spot zoning, which is "[d]efined as the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owner of such property and to the detriment of other owners" (*Rodgers v Village of Tarrytown*, 302 NY 115, 123 [1951]). While numerous factors are taken into account in evaluating such a claim (*see Matter of Yellow Lantern Kampground v Town of Cortlandville*, 279 AD2d 6, 9-10 [2000]; *Matter of Boyles v Town Bd. of Town of Bethlehem, supra*; *Matter of Save Our Forest Action Coalition v City of Kingston, supra*), the ultimate inquiry is whether the challenged zoning "is other than part of a well-considered and comprehensive plan calculated to serve the general welfare of the community" (*Matter of Boyles v Town Bd. of Town of Bethlehem, supra* at 690 [internal quotation marks and citation omitted]; *accord Matter of Rayle v Town of Cato Bd.*, 295 AD2d 978, 979 [2002]; *Matter of Save Our Forest Action Coalition v City of Kingston, supra* at 221). Here, as noted, the Town Board engaged in an extensive review of the proposed project. The parameters of the project fell well within the guidelines for a planned unit development district, the parcel is located in an area where there is a mix of residential, commercial and recreational properties and no adverse impact to these surrounding properties was substantiated. Moreover, while there is no doubt that the zoning amendment benefitted the owners of the subject parcel, it also benefitted the general welfare of the community by creating seasonal housing to accommodate tourism in the area. In short, the record discloses that sufficient forethought was given to the challenged determinations, and petitioners failed to overcome the strong presumption of validity that attached to them. Finally, the record before us contains sufficient proof that the Town Board complied with all statutory posting and publication requirements.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the judgment and amended judgment are affirmed, without costs.