Kane, J.
Appeal from a judgment of the Supreme Court (McNamara, J.), entered February 20, 2007 in Albany County, which dismissed petitioners’ application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, review a determination of respondent Common Council of the City of Albany to approve an application by respondent Thomas J. Burke to rezone a certain parcel of land.
Respondent Thomas J. Burke, who leases a vacant 3.6-acre parcel from respondent 41 Holland Avenue, LLC, applied to respondent City of Albany to change the zoning of the property from a commercial office district to a highway commercial district. When a proposed ordinance was introduced, respondent Common Council of the City of Albany identified the proposed rezoning as an unlisted action under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). After months of review, discussion and public hearings, the Common Council, as lead agency, issued a negative declaration pursuant to SEQRA and rezoned the property as requested by Burke.
Petitioners commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment alleging that the Common Council incorrectly classified the proposed action as unlisted, failed to take a “hard look” as required under *1061 SEQRA and engaged in illegal spot zoning. Respondents moved to dismiss the petition due to lack of standing. Supreme Court partially granted the motions, dismissing the claims of all petitioners except for three individuals.* After respondents filed their answers, the court dismissed the petition. Petitioners appeal.
Initially, we are satisfied that the remaining petitioners have standing (see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 413-414 [1987]), and that the challenge to the amendment of the zoning ordinance is not moot.
The Common Council correctly classified the proposed rezoning as an unlisted action for SEQRA purposes. Petitioners contend that this proposal involved changes to a 3.6-acre parcel and 2.7 acres of the parcel were being physically altered, thus raising it above threshold levels to make it a type I action (see 6 NYCRR 617.4 [b] [3], [6] [i]; [10]). Even assuming that this property was contiguous to a publicly owned recreation area, an alleged fact which is not conclusively established in the record, the rezoning of the parcel at issue would only be classified as a type I action if it involved the physical alteration of at least 2.5 acres (see id.). The record demonstrates that, while the entire 3.6-acre parcel will be affected by the rezoning, less than 2.5 acres will be physically altered if Burke develops the property as he proposed. Thus, the proposal was properly classified as an unlisted action.
In any event, respondents complied with the requirements for a type I action. Only a short form environmental assessment form was required for an unlisted action, but Burke filed the full environmental assessment form which must be filed for type I actions (see 6 NYCRR 617.6 [a] [2], [3]). As lead agency, the Common Council was required to consider the same criteria when making a determination concerning significant adverse environmental impacts whether the action was classified as type I or unlisted (see 6 NYCRR 617.7; see also Matter of Jaffee v RCI Corp., 119 AD2d 854, 855 [1986], lv denied 68 NY2d 607 [1986]). Although type I actions are presumed to have a significant environmental impact, preparation of an environmental impact statement is not automatically required (see Matter of Cathedral Church of St. John the Divine v Dormitory Auth. of State of N.Y., 224 AD2d 95, 100 [1996], lv denied 89 NY2d 802 [1996]; Matter of Jaffee v RCI Corp., 119 AD2d at 855). The Common Council followed the procedural requirements and *1062 fulfilled its obligations under SEQRA by issuing a written decision which revealed that it evaluated the necessary criteria, took the required hard look at areas of environmental concern and explained the basis for its determination to issue a negative declaration (see Matter of Cathedral Church of St. John the Divine v Dormitory Auth. of State of N.Y., 224 AD2d at 100; Matter of Ahearn v Zoning Bd. of Appeals of Town of Shawangunk, 158 AD2d 801, 803-804 [1990], lv denied 76 NY2d 706 [1990]).
To prevail on their allegation of illegal spot zoning, petitioners bore the burden of overcoming, beyond a reasonable doubt, the strong presumption of validity attached to the Common Council’s zoning determination (see Matter of Boyles v Town Bd. of Town of Bethlehem, 278 AD2d 688, 690 [2000]). Petitioners failed to meet that heavy burden to prove that the rezoning constituted illegal spot zoning. That term “is defined as the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area for the benefit of the owner of said property to the detriment of other owners” (Matter of Daniels v Van Voris, 241 AD2d 796, 799 [1997]; see Matter of Boyles v Town Bd. of Town of Bethlehem, 278 AD2d at 690). To determine whether a zoning proposal falls within this definition, courts “may consider several factors, including whether the rezoning is consistent with a comprehensive land use plan, whether it is compatible with surrounding uses, the likelihood of harm to surrounding properties, the availability and suitability of other parcels, and the recommendations of professional planning staff’ (Matter of Save Our Forest Action Coalition v City of Kingston, 246 AD2d 217, 221 [1998]).
To utilize less space and better fit the streetscape, Burke scaled down his original proposal. While professional planners did not support his original plan, the record does not contain their opinions on the revised plan. The parcel here was only 3.6 acres, but size alone is not determinative (see Matter of Boyles v Town Bd. of Town of Bethlehem, 278 AD2d at 690). The City does not have a formal comprehensive plan, but the proposed use of this property for a pharmacy and restaurant is consistent with the McDonald’s restaurant on the adjacent property, and a tavern and two hotels approved for the same block. The residences that are near the property—those owned by the remaining petitioners—are separated by a steep change in elevation covered in vegetation, blocking them from sight. Under the circumstances, the rezoning of this parcel was part of a thoroughly considered plan calculated to best serve the community, and the approved use was not “totally different from *1063 that of the surrounding area” (Matter of Daniels v Van Voris, 241 AD2d at 799); thus, it did not constitute spot zoning (see Matter of Boyles v Town Bd. of Town of Bethlehem, 278 AD2d at 690-691; Matter of Save Our Forest Action Coalition v City of Kingston, 246 AD2d at 221).
In light of our decision affirming dismissal of the petition, the parties’ remaining contentions need not be addressed.
Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

 This Court dismissed Burke’s prior appeal from that nonfinal order (45 AD3d 1241 [2007]).